UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| HP/ SUPERIOR, INC. and SUPERIOR HEALTHCARE INVESTORS, INC., | : : | JOINTLY ADMINISTERED UNDER CASE NO. 14-71797 - PWB |
| | : | |
| Debtors. | : | |

**MOTION TO CONVERT CASE TO A CASE UNDER CHAPTER 7, TERMINATE JOINT ADMINISTRATION AND SEVER CASES, AND REQUEST FOR EXPEDITED HEARING**

COMES NOW S. Gregory Hays, as Chapter 11 Trustee ("Trustee") for the bankruptcy estate of HP/ Superior, Inc. ("Debtor"), and hereby files this *Motion to Convert Case to a Case under Chapter 7, Terminate Joint Administration and Sever Cases, and Request for Expedited Hearing* (the "Motion"). In support of the Motion, Trustee shows the Court as follows:

**Jurisdiction and Venue**

1.

This Court has jurisdiction to consider this request pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**General Background**

2.

Debtor initiated this case (Case No. 14-71797-PWB) ("Debtor's Case") by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on November 3, 2014 (the "Petition Date").

3.

On January 6, 2015, Superior Healthcare Investors, Inc. ("Superior") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, initiating Case No. 15-50439-PWB in the United States Bankruptcy Court, Northern District of Georgia, Atlanta Division (the "Superior's Case").

4.

On January 14, 2015, Debtor and SHI jointly filed a *Motion for Entry of Order Authorizing Joint Administration* [Doc. No. 49] (the "Joint Administration Motion"), requesting that Debtor's Case and Superior's Case be jointly administered under 11 U.S.C. § 1015(b).

5.

On February 3, 2015, this Court entered an order [Doc. No. 59] granting the Joint Administration Motion.

6.

On September 11, 2015, CSE Mortgage LLC ("CSE") filed a *Motion for Appointment of Chapter 11 Trustee, or in the Alternative, for Conversion to Chapter 7* [Doc. No. 118], seeking the appointment of a Chapter 11 Trustee or alternatively a conversion of the jointly administered cases to cases under Chapter 7.

7.

On October 27, 2015, the Court entered an order [Doc. No. 141] directing the appointment of Chapter 11 Trustees on behalf of Debtor and Superior. The portion of CSE's motion related to conversion to Chapter 7 was tabled for a later determination, following notice and a hearing. [Doc. No. 141].

8263502v1

8.

On October 30, 2015, the Court entered an order [Doc. No. 146] approving Trustee as Chapter 11 Trustee for Debtor, and on the same day the Court entered an order [Doc. No. 23; Case No 15-50439-PWB] appointing Cathy L. Scarver as Chapter 11 Trustee in Superior's Case.

9.

Upon information and belief, Debtor and Superior sold their primary assets before Trustee and Ms. Scarver were appointed as Chapter 11 Trustee in the respective cases. *See* [Doc. No. 97 at ¶¶ 17-19].

10.

Upon information and belief, there are sufficient potential actions to pursue in Debtor's Case to result in a meaningful recovery for Debtor's estate.

**Relief Requested**

11.

By this Motion, Trustee requests that the Court convert the Debtor's Case to a case under Chapter 7 nunc pro tunc to the date of the filing of this Motion.

12.

Trustee also requests that the Court terminate the joint administration of and sever Debtor's Case and Superior's Case nunc pro tunc to the date of the filing of this Motion.

13.

Finally, Trustee requests that the Court set this Motion for hearing on an expedited basis.

8263502v1

**Basis for Relief**

14.

Section 1112(b) of the Bankruptcy Code, in pertinent part, provides as follows:

> "[T]he court shall convert a case under this chapter to a case under chapter 7 . . . if the movant establishes cause . . .
>
> (4) For purposes of this subsection, the term 'cause' includes-
>
> > (A)    substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation . . . ."

11 U.S.C. § 1112(b) (2015).

15.

The administration of Debtor's Case will be more effective and more efficient under Chapter 7 as there remains no operating business. Moreover, the elimination of certain expenses unique to Chapter 11, such as U.S. Trustee fees and expenses related to the filing of monthly financial reports, should minimize expenses and ensure a maximum recovery to the estate. In addition, there is no reasonable likelihood of rehabilitation of Debtor's business operations as they have been transferred as part of the previously mentioned sale.

16.

Accordingly, it is in the best interests of Debtor's creditors and estate that this case be converted to a case under Chapter 7.

17.

In addition, the sale of substantially all of Debtor's and Superior's assets has made joint administration of their cases unnecessary and likely impracticable. And, it is in the best interests

of Debtor's creditors and Superior's creditors that the joint administration of their cases be terminated.

18.

Trustee has consulted with Ms. Scarver, and Ms. Scarver is in agreement that the joint administration should be terminated and the cases severed.

19.

Finally, given the potential for surmounting Chapter 11 administrative expenses, and the fact that the Court previously tabled a request to convert Debtor's Case to a case under Chapter 7, an expedited hearing on this Motion is in the best interests of Debtor and Debtor's creditors.

WHEREFORE, Trustee requests that this Court (a) set this matter for hearing on an expedited basis; (b) convert Debtor's Case to Chapter 7 pursuant to 11 U.S.C. §1112(b) effective as of the date of the filing of this Motion; (c) direct the appointment of a Chapter 7 trustee for Debtor's bankruptcy estate; (d) terminate the joint administration of and sever Debtor's Case and Superior's Case effective as of the date of the filing of this Motion; (e) grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 4th day of November, 2015.

ARNALL GOLDEN GREGORY LLP
*Proposed Attorneys for Trustee*

By: */s/ Michael J. Bargar*
    Michael J. Bargar
    Georgia Bar No. 645709
    michael.bargar@agg.com

171 17th Street, NW, Suite 2100
Atlanta, GA 30363
(404) 873-8500

8263502v1

# CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing *Motion to Convert Case to a Case under Chapter 7, Terminate Joint Administration and Sever Cases, and Request for Expedited Hearing* by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery by first class mail to the following entities at the addresses stated:

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
3343 Peachtree Road, NE, Suite 200
Atlanta, GA 30326

Cathy L. Scarver
P. O. Box 672587
Marietta, GA 30006

Ashley Reynolds Ray
Scroggins & Williamson
1500 Candler Building
127 Peachtree Street, NE
Atlanta, GA 30303

G. Frank Nason, IV
Lamberth, Cifelli, Ellis & Nason, P.A.
1117 Perimeter Center West
Suite W 212
Atlanta, GA  30338

HP/Superior, Inc.
5174 McGinnis Ferry Road
Suite 195
Alpharetta, GA 30005

Kevin A. Stine
Baker Donelson Bearman
Monarch Plaza, Suite 1600
3414 Peachtree Road, NE
Atlanta, GA 30326

Superior Healthcare Investors, Inc.
1800 New York Avenue
Superior, WI 54880

This 4th day of November, 2015.

*/s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709

8263502v1