

**IT IS ORDERED as set forth below:**

**Date: November 16, 2015**

_____

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| HP/ SUPERIOR, INC. and SUPERIOR | : | CASE NO. 14-71797 - PWB |
| HEALTHCARE INVESTORS, INC., | : | CASE NO. 15-50439 - PWB |
| | : | |
| Debtors. | : | |

**ORDER CONVERTING CASES TO CASES UNDER CHAPTER 7 AND
TERMINATING AND SEVERING JOINT ADMINISTRATION OF CASES**

On November 4, 2015, S. Gregory Hays, as Chapter 11 Trustee ("Trustee Hays") for the bankruptcy estate (the "Superior Estate") of HP/Superior, Inc. ("Superior"), filed a *Motion to Convert Case to a Case under Chapter 7, Terminate Joint Administration and Sever Cases, and Request for Expedited Hearing* [Doc. No. 152; Case No. 14-71797-PWB] (the "Superior Motion") seeking an order converting the bankruptcy case of Superior (Case No. 14-71797-PWB) (the "Superior Case ") to a case under Chapter 7 of Title 11 of the United States Code effective as of November 4, 2015 and terminating the joint administration of the Superior Case

8281071v2

and the bankruptcy case of Superior Healthcare Investors, Inc. (Case No. 15-50439-PWB) (the "SHI Case"), effective as of November 4, 2015.

On November 4, 2015, Cathy L. Scarver, as Chapter 11 Trustee ("Trustee Scarver") for the bankruptcy estate (the "SHI Estate") of Superior Healthcare Investors, Inc. ("SHI"), filed a *Motion to Convert Case to a Case under Chapter 7, Terminate Joint Administration and Sever Cases, and Request for Expedited Hearing* [Doc. No. 27; Case No. 15-50439-PWB] (the "SHI Motion") seeking an order converting the SHI Case (Case No. 15-50439-PWB) to a case under Chapter 7 of Title 11 of the United States Code effective as of November 4, 2015 and terminating the joint administration of the Superior Case and SHI Case effective as of November 4, 2015..

On November 6, 2015, the Court entered in the Superior Case an *Order and Notice Regarding Motion to Convert Case to a Case under Chapter 7, Terminate Joint Administration and Sever Cases, and Request for Expedited Hearing* [Doc. No. 156; Case No. 14-71797-PWB] (the "Superior Order and Notice"), setting the Superior Motion for hearing on November 10, 2015 at 10:30 a.m. (the "Superior Hearing").

Counsel for Trustee Hays asserts that he served the Superior Order and Notice on all requisite parties in interest. [Doc. No. 159; Case No. 14-71797-PWB].

On November 6, 2015, the Court entered in the SHI Case an *Order and Notice Regarding Motion to Convert Case to a Case under Chapter 7, Terminate Joint Administration and Sever Cases, and Request for Expedited Hearing* [Doc. No. 29; Case No. 15-50439-PWB] (the "SHI Order and Notice"), setting the SHI Motion for hearing on November 10, 2015 at 10:30 a.m. (the "SHI Hearing", and collectively with the Superior Hearing the "Hearing").

Counsel for Trustee Scarver asserts that she served the SHI Order and Notice on all requisite parties in interest.  [Doc. Nos. 32 and 33; Case No. 15-50439-PWB].

No party in interest filed or served an objection to the relief requested in the Superior Motion or the SHI Motion.

Counsel for Trustee Hays, counsel for Trustee Scarver, and counsel for the United States Trustee appeared at the Hearing. No parties in interest appeared at the Hearing to oppose the relief requested in the Superior Motion or the SHI Motion.

Accordingly, based on the statements of counsel at the Hearing, and for good cause shown, it is hereby

**ORDERED** that the Superior Motion is **GRANTED**: the Superior Case is converted to a case under Chapter 7 effective as of November 4, 2015.  The United States Trustee is directed to appoint a Chapter 7 trustee in the Superior Case (the "Superior Chapter 7 Trustee").  It is further

**ORDERED** that the SHI Motion is **GRANTED**: the SHI Case is converted to a case under Chapter 7 effective as of November 4, 2015.  The United States Trustee is directed to appoint a Chapter 7 trustee in the SHI Case (the "SHI Chapter 7 Trustee").  It is further

**ORDERED** that the joint administration of the Superior Case and the SHI Case is terminated and the cases are hereby severed.  For documents filed in the SHI Case during the time the cases were jointly administered (January 15, 2015 through November 4, 2015), see Case No. 14-71797 Doc Nos. 52 through 152. It is further

**ORDERED** that:

1.     Superior and its officers and agents shall, forthwith, turn over to the Superior Chapter 7 Trustee all records and property of the Superior Estate in their possession or control

3

8281071v2

and shall immediately turnover any other property of the Superior Estate which hereinafter comes into their possession or control during the pendency of the Superior Case;

2. Superior and its officers and agents shall cooperate and assist the Superior Chapter 7 Trustee in identifying, assembling, and collecting property of the Superior Estate and shall provide the Superior Chapter 7 Trustee with all documents pertaining to assets of the Superior Estate as the Superior Chapter 7 Trustee requests;

3. Superior and its officers and agents shall fully cooperate with the Superior Chapter 7 Trustee in filing and transmitting to the United States Trustee monthly operating reports for each month or period through the date of conversion for which reports have not already been filed; and

4. Not later than 28 days after entry of this Order, all professionals employed by Superior shall file an application for final approval of fees and expenses incurred in or in connection with administration of the Superior Case under chapter 11 or, alternatively, turn over to the appointed Superior Chapter 7 Trustee any and all retainers, monies, or other remuneration received from Superior prior to or after the filing of the petition for services rendered in or in connection with the Superior chapter 11 case.  It is further

**ORDERED** that:

1. SHI and its officers and agents shall, forthwith, turn over to the SHI Chapter 7 Trustee all records and property of the SHI Estate in their possession or control and shall immediately turnover any other property of the SHI Estate which hereinafter comes into their possession or control during the pendency of the SHI Case;

2. SHI and its officers and agents shall cooperate and assist the SHI Chapter 7 Trustee in identifying, assembling, and collecting property of the SHI Estate and shall provide

4

8281071v2

the SHI Chapter 7 Trustee with all documents pertaining to assets of the SHI Estate as the SHI Chapter 7 Trustee requests;

3. SHI and its officers and agents shall fully cooperate with the SHI Chapter 7 Trustee in filing and transmitting to the United States Trustee monthly operating reports for each month or period through the date of conversion for which reports have not already been filed; and

4. Not later than 28 days after entry of this Order, all professionals employed by SHI shall file an application for final approval of fees and expenses incurred in or in connection with administration of the SHI Case under chapter 11 or, alternatively, turn over to the appointed SHI Chapter 7 Trustee any and all retainers, monies, or other remuneration received from SHI prior to or after the filing of the petition for services rendered in or in connection with the SHI chapter 11 case.  It is further

**ORDERED** that if the United States Trustee appoints Cathy L. Scarver as Chapter 7 Trustee in the SHI Case:

1. The order authorizing Trustee Scarver to appoint and employ C. L. Scarver & Associates, LLC as counsel in the SHI Chapter 11 case will continue in effect for the employment of C. L. Scarver & Associates, LLC as counsel for Cathy L. Scarver as the SHI Chapter 7 Trustee without the need for further application and order; and

2. Trustee Scarver shall be relieved from filing reports pursuant to FRBP Rule 1019(5).  It is further

**ORDERED** that if the United States Trustee appoints S. Gregory Hays as Chapter 7 Trustee in the Superior Case:

5

8281071v2

1. The order authorizing Trustee Hays to appoint and employ Arnall Golden Gregory LLP as counsel in the Superior Chapter 11 case will continue in effect for the employment of Arnall Golden Gregory LLP as counsel for S. Gregory Hays as the Superior Chapter 7 Trustee without the need for further application and order;

2. The order authorizing Trustee Hays to appoint and employ Hays Financial Consulting, LLC as accountants in the Superior Chapter 11 case will continue in effect for the employment of Hays Financial Consulting, LLC as accountants for S. Gregory Hays as the Superior Chapter 7 Trustee without the need for further application and order; and

3. Trustee Hays shall be relieved from filing reports pursuant to FRBP Rule 1019(5).

**[END OF DOCUMENT]**

**Order prepared and presented by:**

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee Hays*

By:*/s/ Michael J. Bargar*
    Michael J. Bargar
    Georgia Bar No. 645709
    michael.bargar@agg.com
171 17th Street, NW, Suite 2100
Atlanta, GA 30363
Telephone: (404) 873-7030

**Reviewed and approved by**:

C.L. SCARVER & ASSOCIATES, LLC
*Attorneys for Trustee Scarver*

By:*/s/ Cathy L. Scarver*          (With Express Permission by Michael J. Bargar)
    Cathy L. Scarver
    Georgia Bar No. 628455
    clsallc@bellsouth.net
Marietta, GA 30006
P.O. Box 672587 (404) 551-5142
(404) 806-9652 (facsimile)

8281071v2

GUY G. GEBHARDT
ACTING UNITED STATES TRUSTEE
REGION 21

By: */s/ David S. Weidenbaum*        *(With Express Permission by Michael J. Bargar)*
    David S. Weidenbaum
    Trial Attorney
    Georgia Bar No. 745892
    david.s.weidenbaum@usdoj.gov
United States Department of Justice
Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303
(404)-331-4437

**Identification of parties to be served:**

All entities listed on the mailing matrix in the Superior Case or SHI Case

7

8281071v2