

**IT IS ORDERED as set forth below:**

**Date: November 7, 2016**

_____

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| HP/SUPERIOR, INC. | : | CASE NO. 14-71797 - PWB |
| | : | |
| Debtor. | : | |
| | : | |

**ORDER APPROVING SETTLEMENT AGREEMENT**

On October 7, 2016, S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of HP/Superior, Inc. ("**Debtor**"), filed his *Motion for Order: (A) Authorizing Settlement Between Trustee and Several Subsidiaries of Omnicare, Inc. under Rule 9019 of the Federal Rules of Bankruptcy Procedure; (B) Establishing the Extent and Priority of the Security Interest of Badger Acquisition of Minnesota, LLC in Accordance with the Proposed Settlement; and (C) Authorizing Trustee to Make Certain Distributions of Property of the Estate in Accordance with the Proposed Settlement* [Doc. No. 214]

9547121v1

(the "**Settlement Motion**").[1]  In the Settlement Motion, Trustee requests, *inter alia,* that the Court approve a Settlement Agreement (the "**Settlement Agreement**") between Trustee, Badger Acquisition of Minnesota, LLC d/b/a Omnicare of Minnesota ("**Omnicare**"); Williamson Drug Company, Incorporated ("**Williamson Drug**"); NCS Healthcare of Kansas, LLC ("**NCS Kansas**"); NCS Healthcare of Illinois, LLC ("**NCS Illinois**"); Omnicare Pharmacies of Pennsylvania West, LLC ("**Omnicare Pennsylvania**"); Omnicare Pharmacy of Tennessee, LLC ("**Omnicare Tennessee**");  Neighborcare Pharmacy of Virginia, LLC ("**Neighborcare Virginia**");  Omnicare Pharmacy of Texas 1, LP ("**Omnicare Texas 1**"); Omnicare Pharmacy of Texas 2, LP ("**Omnicare Texas 2**"); Omnicare of New York, LLC ("**Omnicare New York**"); and Neighborcare Pharmacy Services, Inc. ("**Neighborcare Pharmacy**", and together with Omnicare, Williamson Drug, NCS Kansas, NCS Illinois, Omnicare Pennsylvania, Omnicare Tennessee, Neighborcare Virginia, Omnicare Texas 1, Omnicare Texas 2, and Omnicare New York, the "**Plaintiffs**") and make certain findings of fact and conclusions of law related to the extent, validity, and priority of Omnicare's asserted lien rights.

On October 7, 2016, Trustee filed a notice of hearing [Doc. No. 215] (the "**Notice**") noticing a hearing on the Settlement Motion on November 1, 2016 at 10:00 a.m. (Eastern) (the "**Hearing**").

Counsel for Trustee filed a certificate of service, in which he represents that he served the Notice on all requisite creditors and parties in interest.  [Doc. No. 216].

No creditor or party in interest filed an objection to the relief requested in the Settlement Motion.  Counsel for Trustee and counsel for the Plaintiffs appeared at the Hearing.  No creditor or party in interest appeared at the Hearing to oppose the relief requested in the Settlement

---

[1] Capitalized terms not defined in this Order shall have the meanings ascribed to them in the Settlement Motion [Doc. No. 214].

Motion.

The Court having considered the Settlement Motion and the entire record in Debtor's bankruptcy case, and for good cause shown, it is hereby

**FOUND** and **DETERMINED** that the Settlement Agreement is in the best interests of the Bankruptcy Estate and its creditors. It is further

**FOUND** and **DETERMINED** that Omnicare has a first priority security interest in and to the HP/Superior Funds[2] in an amount equal to $615,670.86. It is further

**FOUND** and **DETERMINED** that Omnicare intended to amend the Omnicare Claim [Claim No. 4-1; Case No. 14-71797-PWB] by filing the Amended Omnicare Claim [Claim No. 18-1; Case No. 14-71797-PWB] and the Amended Omnicare Claim shall be construed as an amendment to the Omnicare Claim notwithstanding any apparent error on the claim registry for Debtor's bankruptcy case. It is further

**FOUND** and **DETERMINED** that the notice of the Settlement Motion and Hearing was appropriate under the Bankruptcy Rules and the circumstances of Debtor's bankruptcy case. It is further

**ORDERED** that the Settlement Motion is **GRANTED**. It is further

**ORDERED** that the Settlement Agreement is **APPROVED** and the terms set forth therein are incorporated herein by reference. It is further

**ORDERED** that the Amended Omnicare Claim [Claim No. 18-1; Case No. 14-71797-

---

[2] "HP/Superior Funds" is a defined term in the Settlement Motion, and as set forth therein, the security interest of Omnicare is junior to the security interest of CSE Mortgage LLC (the "**CSE First Priority Security Interest**"), but in accordance with a previous order of this Court [Doc. No. 209], Trustee has paid the CSE First Priority Security Interest in full, less a carve-out in the amount of $187,089.03 that CSE Mortgage LLC granted to the Bankruptcy Estate (the "**CSE Carve-Out**"). The HP/Superior Funds do not include the CSE Carve-Out funds, and Omnicare has no security interest in or to the CSE Carve-Out funds.

9547121v1

PWB] filed in the Debtor's bankruptcy case is hereby amended and allowed as a secured claim in the amount of $615,670.86 and as a non-priority, general unsecured, pre-petition claim in the amount of $6,178,860.70, without further order of the Court (the "**Omnicare Allowed Claim**"), and Omnicare is directed to file an amendment to the Amended Omnicare Claim consistent with the terms of the Settlement Agreement.  It is further

**ORDERED** that Trustee is authorized and directed to make the Omnicare Secured Claim Payment to Omnicare in the amount of $615,670.86, consistent with the terms of the Settlement Agreement.  It is further

**ORDERED** that the secured portion of the Omnicare Allowed Claim, in the amount of $615,670.86, shall be deemed to be fully satisfied once Trustee makes the $615,670.86 Omnicare Secured Claim Payment to Omnicare as required under the Settlement Agreement and this Order.  It is further

**ORDERED** that Trustee may take any other actions necessary to effectuate the terms of the Settlement Agreement without further order from this Court.  It is further

**ORDERED** that this Court retains jurisdiction (i) to interpret, implement, and enforce this Order, (ii) to resolve any disputes regarding or concerning the Settlement Agreement, and (iii) to enter such other and further orders as may be necessary, just, or proper as an aid to enforcement or implementation of this Order.

**[END OF DOCUMENT]**

9547121v1

**Order prepared and presented by:**

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By:*/s/ Michael J. Bargar*
    Michael J. Bargar
    Georgia Bar No. 645709
    michael.bargar@agg.com
171 17th Street, NW, Suite 2100
Atlanta, GA 30363
Telephone: (404) 873-8500

**Order reviewed and approved by**:

**SEYFARTH SHAW LLP**
*Attorneys for Plaintiffs*

By:*/s/ Lauren M. Gregory*     (With Express Permission by Michael J. Bargar)
    Lauren M. Gregory
    Georgia Bar No. 729061
    lgregory@seyfarth.com
1075 Peachtree Street, NE, Suite 2500
Atlanta, GA 30309
(404) 885-6737

**Identification of parties to be served:**

David S. Weidenbaum, Office of the United States Trustee, 362 Richard B. Russell Bldg., 75 Ted Turner Drive, SW, Atlanta, GA 30303

S. Gregory Hays, Hays Financial Consulting, LLC, 3343 Peachtree Road, NE, Suite 200, Atlanta, GA 30326

Michael J. Bargar, Arnall Golden Gregory LLP, 171 17th Street, NW, Suite 2100, Atlanta, GA 30363

Cathy L. Scarver, P. O. Box 672587, Marietta, GA 30006

Ashley Reynolds Ray, Scroggins & Williamson, P.C., One Riverside, 4401 Northside Parkway, Suite 450, Atlanta, GA 30327

G. Frank Nason, IV, Lamberth, Cifelli, Ellis & Nason, P.A., 1117 Perimeter Center West, Suite W 212, Atlanta, GA 30338

9547121v1

Kevin A. Stine, Baker Donelson Bearman, Monarch Plaza, Suite 1600, 3414 Peachtree Road, NE Atlanta, GA 30326

Internal Revenue Service, Insolvency Unit, 401 West Peachtree Street, Stop 335-D, Atlanta, GA 30308

Department of Justice - Tax Division, Attn: Chief, Civil Trial Section, Southern Region, P.O. Box 14198, Ben Franklin Station, Washington, D.C. 20044

United States Attorney General, Main Justice Building, 10th and Constitution Avenue, NW, Washington, D.C. 20530

U.S. Attorney, Northern District of Georgia, Civil Division, Attn: Civil Clerk, 600 Richard B. Russell Building, 75 Spring Street, S.W., Atlanta, GA 30303

Lisa Johnson, Bankruptcy Specialist, Internal Revenue Service, 401 W Peachtree ST, NW, M/S 334-D, Atlanta, GA 30308

F. Mark Bromley, Wisconsin Dept. of Justice, 17 West Main Street, P. O. Box 7857, Madison, WI 53707-7857

Wisconsin Department of Revenue, Special Procedures Unit, PO Box 8901, Madison, WI 53708-8901

Hiram Cutting, Wisconsin Department of Revenue, Special Procedures Unit, PO Box 8901, Madison, WI 53708-8901

The Stark Collection Agency Inc., PO Box 45710, Madison, WI 53744-5710

State of Wisconsin, DWD – UI, PO Box 8914, Madison, WI 53708

Ariane Daniels, State of Wisconsin, DWD – UI, PO Box 8914, Madison, WI 53708

Lauren M. Gregory, Seyfarth Shaw LLP, 1075 Peachtree Street, NE, Suite 2500, Atlanta, GA 30309

Badger Acquisition of Minnesota, d/b/a Omnicare of Minnesota, 900 Omnicare Center, 201 East Fourth Street, Cincinnati, OH 45202

JoAnn Billman, Omnicare, Inc., 900 Omnicare Center, 201 East Fourth Street, Cincinnati, OH 45202

9547121v1