UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| HP/SUPERIOR, INC. | : | CASE NO. 14-71797 - PWB |
| | : | |
| Debtor. | : | |

**MOTION FOR ORDER AUTHORIZING SETTLEMENT BETWEEN TRUSTEE AND ALTACARE CORPORATION; HP/WICHITA HILL, INC.; LTC HEALTHCARE AT FLORENCE, INC.; HP/CAMBRIDGE HOUSE, INC.; HP/CARRINGTON, INC.; FIRESIDE-LTC, LLC; FIVE RIVERS MANAGEMENT, LLC; FRIENDSHIP-LTC, LLC; GREAT BEND-LTC, LLC; ROSEWOOD-LTC, LLC; WOODLAND PARK-LTC, LLC; LONG TERM CARE SERVICES, INC.; DOUGLAS MITTLEIDER; DAREN DOUSTON; AND KERRY GIBSON UNDER RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

COMES NOW S. Gregory Hays, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of HP/Superior, Inc. ("**Debtor**"), by and through the undersigned counsel, and files his *Motion for Order Authorizing Settlement between Trustee and Altacare Corporation; HP/Wichita Hill, Inc.; LTC Healthcare at Florence, Inc.; HP/Cambridge House, Inc.; HP/Carrington, Inc.; Fireside-LTC, LLC; Five Rivers Management, LLC; Friendship-LTC, LLC; Great Bend-LTC, LLC; Rosewood-LTC, LLC; Woodland Park-LTC, LLC; Long Term Care Services, Inc.; Douglas Mittleider; Daren Douston; and Kerry Gibson under Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "**Settlement Motion**").  In support of the Settlement Motion, Trustee respectfully shows the Bankruptcy Court as follows:

**Jurisdiction and Venue**

1.      This Bankruptcy Court has jurisdiction over this Settlement Motion under 28 U.S.C. §§ 157 and 1334.  Venue of this case in this District is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief sought in this Settlement Motion is Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  This Settlement Motion

11687404v1

is a core proceeding under 28 U.S.C. § 157(b)(2).

**Background**

*i. General Background*

2.        On November 3, 2014 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, modified, or supplemented, the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division ("**Bankruptcy Court**"), initiating Chapter 11 Case No. 14-71797-PWB (the "**Bankruptcy Case**").

3.        On January 6, 2015 (the "**SHI Petition Date**"), Superior Healthcare Investors, Inc. ("**SHI**") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, initiating Case No. 15-50439-PWB in the Bankruptcy Court (the "**SHI Bankruptcy Case**").

4.        On February 3, 2015, the Bankruptcy Court entered an order [Doc. No. 59; Case No. 14-71797-PWB] authorizing the joint administration of the Bankruptcy Case and the SHI Bankruptcy Case for procedural purposes only under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

5.        On October 27, 2015, the Bankruptcy Court entered an order [Doc. No. 141; Case No. 14-71797-PWB] directing the appointment of Chapter 11 trustees on behalf of Debtor and SHI.

6.        On October 30, 2015, the Bankruptcy Court entered an order [Doc. No. 146; Case No. 14-71797-PWB] approving Trustee as Chapter 11 Trustee for Debtor, and on the same day the Bankruptcy Court entered an order [Doc. No. 23; Case No 15-50439-PWB] approving Cathy L. Scarver ("**Ms. Scarver**") as Chapter 11 Trustee for SHI.

7.        On November 17, 2015, the Bankruptcy Court entered an order [Doc. No. 168;

Case No. 14-71797-PWB] converting the Bankruptcy Case and the SHI Bankruptcy Case from cases under Chapter 11 to cases under Chapter 7 of the Bankruptcy Code effective as of November 4, 2015 and severing their joint administration.

8.    On November 23, 2015, the United States Trustee appointed Trustee as the Chapter 7 Trustee in the Bankruptcy Case.  [Doc. No. 170; Case No. 14-71797-PWB].  Trustee held and concluded the Section 341 meeting of creditors on January 12, 2016, and Trustee is now the permanent Chapter 7 Trustee in the Bankruptcy Case.

9.    Prior to the Petition Date, and for the majority of the time that the Bankruptcy Case was pending as a Chapter 11 case, Debtor operated a long-term nursing home facility located in the City of Superior, Douglas County Wisconsin on real property owned by SHI.

*ii. The Adversary Proceedings*

10.    On November 2, 2016, Trustee initiated 12 adversary proceedings (the "**Adversary Proceedings**") in the Bankruptcy Case by filing complaints against AltaCare Corporation ("**Altacare**"); HP/Wichita Hill, Inc. ("**HP/Wichita**"); LTC Healthcare at Florence, Inc. ("**LTC Healthcare**"); HP/Cambridge House, Inc. ("**HP/Cambridge**"); HP/Carrington, Inc. ("**HP/Carrington**"); Fireside-LTC, LLC ("**Fireside**"); Five Rivers Management, LLC ("**Five Rivers**"); Friendship-LTC, LLC ("**Friendship**"); Great Bend-LTC, LLC ("**Great Bend**"); Rosewood-LTC, LLC ("**Rosewood**"); Woodland Park-LTC, LLC ("**Woodland**"); and Long Term Care Services, Inc. ("**Long Term Care**" and together with Altacare, HP/Wichita, LTC Healthcare, HP/Cambridge, HP/Carrington, Fireside, Five Rivers, Friendship, Great Bend, Rosewood, and Woodland, the "**Defendants**"), respectively, as follows.

| Defendant | Adversary Proceeding No. |
|---|---|
| Altacare Corporation | 16-5288-PWB |
| HP/Wichita Hill, Inc. | 16-5289-PWB |
| LTC Healthcare at Florence, Inc. | 16-5290-PWB |
| HP/Cambridge House, Inc. | 16-5291-PWB |
| HP/Carrington, Inc. | 16-5292-PWB |
| Fireside-LTC, LLC | 16-5293-PWB |
| Five Rivers Management, LLC | 16-5294-PWB |
| Friendship-LTC, LLC | 16-5295-PWB |
| Great Bend-LTC, LLC | 16-5296-PWB |
| Rosewood-LTC, LLC | 16-5297-PWB |
| Woodland Park-LTC, LLC | 16-5298-PWB |
| Long Term Care Services, Inc. | 16-5299-PWB |

11.    In the Adversary Proceedings, Trustee, among other things, sought the avoidance and recovery of various pre and post-petition transfers, or their value, of Debtor's interest in property to the Defendants.

12.    The Defendants contest all claims that Trustee raised against them in the Adversary Proceedings.  All claims raised by Trustee in the Adversary Proceedings are hereafter the "**Avoidance Disputes**".

13.    On or about August 31, 2017, the Bankruptcy Court entered orders authorizing Trustee and the Defendants to mediate the Avoidance Disputes through a mediation hosted by the Honorable Mary Grace Diehl (the "**Mediation**").

### The Proposed Settlement

14.    As a result of the Mediation, Trustee, the Defendants, Mr. Douglas Mittleider ("**Mr. Mittleider**"), Mr. Daren Douston ("**Mr. Douston**"), and Mr. Kerry Gibson ("**Mr. Gibson**" and with Trustee, the Defendants, Mr. Mittleider, and Mr. Douston, the "**Settling**

**Parties**")[1] have reached an agreement resolving the claims raised by Trustee against the Defendants as to the Avoidance Disputes and all other claims between Trustee, on the one hand, and the Defendants, Mr. Mittleider, Mr. Douston, and Mr. Gibson, on the other hand and have entered a Settlement Agreement (the "**Settlement Agreement**") in this regard, subject to Court approval.  A copy of the Settlement Agreement is attached as Exhibit "A" to this Settlement Motion and is incorporated herein by reference. Significant terms of the Settlement Agreement follow:[2]

    a. After the Settlement Approval Order[3] becomes final, the Defendants, who are jointly and severally responsible for the payment of the settlement funds, shall pay a total of $350,000.00 (the "**$350,000.00 Settlement Funds**") in good funds to Trustee in resolution of the Avoidance Disputes in accordance with the following schedule (the "**Scheduled Payments**"):

        i. $120,000.00 (the "**First $120,000.00 Payment**") within 30 days of the Settlement Approval Order becoming final;

        ii. Six payments of $33,333.33 every 90 days after the First $120,000.00 Payment is made (collectively, the "**Installment Payments**"); and

        iii. $30,000.00 within 90 days after the final of the Installment Payments is made.

    b. Effective upon the Settlement Approval Order becoming final, the Defendants shall execute consent orders ("**Consent Orders**") and consent judgments (the "**Consent Judgments**"), substantially in the form of the order and judgment attached to the Settlement Agreement as Exhibit "A," in the Adversary Proceedings in favor of Trustee and against the

---

[1]    Mr. Mittleider is the president of Debtor, Altacare, HP/Wichita, LTC Healthcare, HP/Cambridge, HP/Carrington, and Long Term Care.  Mr. Douston and Mr. Gibson are the members of Fireside, Five Rivers, Friendship, Great Bend, Rosewood, and Woodland.

[2]    The following is a summary of the Settlement Agreement and is not intended to be comprehensive.  To the extent that anything in this summary is contrary to the terms of the Settlement Agreement, the Settlement Agreement shall control.

[3]    Capitalized terms not defined in this Settlement Motion shall have the meanings ascribed to them in the Settlement Agreement.

Defendants in amounts equal to the total amounts Trustee claimed against the respective Defendant in the respective Adversary Proceeding. Trustee shall hold the Consent Orders and Consent Judgments in escrow except as expressly set forth in Section 2.5 of the Settlement Agreement.

c. If Defendants fail to pay timely the Scheduled Payments as set forth in Section 2.2 of the Settlement Agreement, the Defendants shall be entitled to two, and only two, 15-day cure periods following notice (the "**Default Notice**") by Trustee to the Defendants, in which Trustee shall notify the Defendants that they have failed to make a Scheduled Payment and which notice shall be given as set forth in Section 12 of the Settlement Agreement. Following the Defendants' receipt, as set forth in Section 12 of the Settlement Agreement, of a Default Notice, the Defendants shall have fifteen days to cure the non-payment (the "**15-Day Cure Opportunity**") of the Scheduled Payment by delivering the respective Scheduled Payment to Trustee as set forth in Section 2.2 of the Settlement Agreement. After the two permitted cure periods have been used, Trustee shall be entitled to strict compliance with all subsequent payment deadlines.

d. If the Defendants: (a) fail to cure timely an unpaid Scheduled Payment following one of their two 15-day Cure Opportunities, or (b) fail to pay timely a Scheduled Payment after they have exhausted their two 15-day Cure Opportunities, then:

    i. Trustee shall be entitled to seek entry of the Consent Orders and the Consent Judgments by the Bankruptcy Court in the Adversary Proceedings and then to take any other actions necessary or appropriate to collect the Consent Judgments; and

    ii. Trustee shall be authorized to take all steps necessary to compel the Defendants to comply with the terms of the Settlement Agreement.

e. Effective upon the Settlement Approval Order becoming final, and except for the rights, duties, and obligations created or preserved under the Settlement Agreement, the Defendants, Mr. Mittleider, Mr. Douston, and Mr. Gibson release, acquit, and forever discharge Trustee and the Bankruptcy Estate and each and every past and present agent, servant, employee, representative and attorney of Trustee or the Bankruptcy Estate from any and all Claims (as defined in Section 9 of the Settlement Agreement) of any kind, character or nature whatsoever, known or unknown, fixed or contingent, that the Defendants, Mr. Mittleider, Mr. Douston, or Mr. Gibson may have or claim to have against Trustee or the Bankruptcy Estate prior to the Effective Date.

f.  Effective upon Trustee's receiving $200,000.00 of the $350,000.00 Settlement Funds from the Defendants and the Settlement Approval Order becoming final, and except for the rights, duties, and obligations created or preserved under the Settlement Agreement, Trustee releases, acquits, and forever discharges Fireside, Five Rivers, Friendship, Great Bend, Rosewood, Woodland Park, Mr. Douston, and Mr. Gibson from any and all Claims (as defined in Section 9 of the Settlement Agreement) of any kind, character or nature whatsoever, known or unknown, fixed or contingent, that Trustee may have or claim to have against Fireside, Five Rivers, Friendship, Great Bend, Rosewood, Woodland Park, Mr. Douston, and Mr. Gibson prior to the Effective Date.

g.  Effective upon Trustee's receiving the entirety of $350,000.00 Settlement Funds from the Defendants and the Settlement Approval Order becoming final, and except for the rights, duties, and obligations created or preserved under the Settlement Agreement, Trustee releases, acquits, and forever discharges Altacare, HP/Wichita, LTC Healthcare, HP/Cambridge, HP/Carrington, Long Term Care, and Mr. Mittleider from any and all Claims (as defined in Section 9 of the Settlement Agreement) of any kind, character or nature whatsoever, known or unknown, fixed or contingent, that Trustee may have or claim to have against Altacare, HP/Wichita, LTC Healthcare, HP/Cambridge, HP/Carrington, Long Term Care, and Mr. Mittleider prior to the Effective Date.

h.  The Settling Parties stipulate and agree that neither the Defendants, Mr. Mittleider, Mr. Douston, nor Mr. Gibson shall have a claim in the Bankruptcy Case against the Bankruptcy Estate for or on account of payment of all or any portion of the $350,000.00 Settlement Funds, or for any reason, and that neither the Defendants, Mr. Mittleider, Mr. Douston, Mr. Gibson nor any of their affiliates, agents, principals, or subsidiaries shall receive a distribution from the Bankruptcy Estate.

i.  Within fifteen (15) business days of Trustee's actual receipt of the $350,000.00 Settlement Funds from the Defendants, Trustee and the Defendants shall file stipulations dismissing with prejudice the Adversary Proceedings.

### Relief Requested

15.    By this Settlement Motion, Trustee requests that the Bankruptcy Court approve the Settlement Agreement between the Settling Parties.

**Basis for Relief**

16.     Federal Rule of Bankruptcy Procedure 9019(a) provides, in pertinent part, that "[o]n motion by Trustee and after notice of a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).  The standard in this Circuit for determining whether to approve a compromise or settlement pursuant to Rule 9019(a) is set forth in *Wallis v. Justice Oaks II, Ltd.  (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990), in which the Eleventh Circuit stated as follows:

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:
>
> > (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1549.  In making its evaluation, a court must not rest its approval of the settlement on a resolution of the ultimate factual and legal issues underlying the compromised disputes.  *In re Teltronics Servs., Inc.*, 762 F.2d 185, 189 (2d Cir. 1985).  Rather, the court should consider the probable outcome of the litigation, including its advantages and disadvantages, and make a pragmatic decision based on all equitable factors.  *Florida Trailer and Equip. Co. v. Deal,* 284 F.2d 567, 571 (5th Cir. 1960).[4]

17.     The proposed settlement between the Settling Parties is the product of a judicially hosted Mediation and arms' length negotiations and reflects the Settling Parties' analysis and consideration of the relevant legal, factual, and economic issues.

---

[4]     In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent the decisions of the former Fifth Circuit issued before October 1, 1981.

18.     Given the potential expense of litigating the claims raised by Trustee against the Defendants, and the contingent nature of the same, in the event that the claims that are proposed to be settled are instead prosecuted, the amount of time that such litigation will require, the delay before the final outcome is known (including the time necessary for any potential appeals), the complexity and uncertain resolution of factual and legal disputes, and the costs of collecting on any resulting judgments in favor of Trustee, settlement on the terms described in the Settlement Agreement is a proper exercise of the Trustee's business judgment and in the best interests of the Bankruptcy Estate.

19.     Under the standard set forth above and for the reasons previously detailed in this Settlement Motion, Trustee urges that this Bankruptcy Court approve the Settlement Agreement.

WHEREFORE, Trustee respectfully requests that the Bankruptcy Court enter an Order (i) granting this Settlement Motion; (ii) authorizing Trustee to take actions reasonably necessary to effectuate the terms of the Settlement Agreement; and (iii) granting to the parties such other and further relief as the Court deems just and appropriate.

Respectfully submitted, this 29th day of December, 2017.

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By: */s/ Michael J. Bargar*
    Karen B. Bragman
    Georgia Bar No. 075755
    karen.bragman@agg.com
    Michael J. Bargar
    Georgia Bar No. 645709
    michael.bargar@agg.com

171 17th Street, NW, Suite 2100
Atlanta, GA 30363
(404) 873-8500

**EXHIBIT "A" FOLLOWS**

11687404v1

EXECUTION COPY

## SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") dated as of December 29, 2017 (the "**Effective Date**"), is entered between S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of HP/Superior, Inc. ("**Debtor**"); AltaCare Corporation ("**Altacare**"), a Georgia corporation; HP/Wichita Hill, Inc. ("**HP/Wichita**"), a Georgia corporation; LTC Healthcare at Florence, Inc. ("**LTC Healthcare**"), a Georgia corporation; HP/Cambridge House, Inc. ("**HP/Cambridge**"), a Georgia corporation; HP/Carrington, Inc. ("**HP/Carrington**"), a Georgia corporation; Fireside-LTC, LLC ("**Fireside**"), a Georgia limited liability company; Five Rivers Management, LLC ("**Five Rivers**"), a Georgia limited liability company; Friendship-LTC, LLC ("**Friendship**"), a Georgia limited liability company; Great Bend-LTC, LLC ("**Great Bend**"), a Georgia limited liability company; Rosewood-LTC, LLC ("**Rosewood**"), a Georgia limited liability company; Woodland Park-LTC, LLC ("**Woodland**"), a Georgia limited liability company; Long Term Care Services, Inc. ("**Long Term Care**"), a Georgia corporation and together with Altacare, HP/Wichita, LTC Healthcare, HP/Cambridge, HP/Carrington, Fireside, Five Rivers, Friendship, Great Bend, Rosewood, and Woodland, the "**Defendants**"); Douglas Mittleider ("**Mr. Mittleider**"), an individual resident of the State of Georgia; Daren Douston ("**Mr. Douston**"), an individual resident of the State of Georgia; and Kerry Gibson ("**Mr. Gibson**"), an individual resident of the State of ~~Georgia~~. Louisiana ℗℗ NO

## Background

### i. General Background

1.  On November 3, 2014 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, modified, or supplemented, the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division ("**Bankruptcy Court**"), initiating Chapter 11 Case No. 14-71797-PWB (the "**Bankruptcy Case**").

2.  On January 6, 2015 (the "**SHI Petition Date**"), Superior Healthcare Investors, Inc. ("**SHI**") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, initiating Case No. 15-50439-PWB in the Bankruptcy Court (the "**SHI Bankruptcy Case**").

3.  On February 3, 2015, the Bankruptcy Court entered an order [Doc. No. 59; Case No. 14-71797-PWB] authorizing the joint administration of the Bankruptcy Case and the SHI Bankruptcy Case for procedural purposes only under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

4.  On October 27, 2015, the Bankruptcy Court entered an order [Doc. No. 141; Case No. 14-71797-PWB] directing the appointment of Chapter 11 trustees on behalf of Debtor and SHI.

11664352v1

EXECUTION COPY

5.    On October 30, 2015, the Bankruptcy Court entered an order [Doc. No. 146; Case No. 14-71797-PWB] approving Trustee as Chapter 11 Trustee for Debtor, and on the same day the Bankruptcy Court entered an order [Doc. No. 23; Case No 15-50439-PWB] approving Cathy L. Scarver ("**Ms. Scarver**") as Chapter 11 Trustee for SHI.

6.    On November 17, 2015, the Court entered an order [Doc. No. 168; Case No. 14-71797-PWB] converting the Bankruptcy Case and the SHI Bankruptcy Case from cases under Chapter 11 to cases under Chapter 7 of the Bankruptcy Code effective as of November 4, 2015 and severing their joint administration.

7.    On November 23, 2015, the United States Trustee appointed Trustee as the Chapter 7 Trustee in the Bankruptcy Case. [Doc. No. 170; Case No. 14-71797-PWB]. Trustee held and concluded the Section 341 meeting of creditors on January 12, 2016, and Trustee is now the permanent Chapter 7 Trustee in the Bankruptcy Case.

8.    Prior to the Petition Date, and for the majority of the time that the Bankruptcy Case was pending as a Chapter 11 case, Debtor operated a long-term nursing home facility located in the City of Superior, Douglas County Wisconsin on real property owned by SHI.

*ii. The Adversary Proceedings*

9.    On November 2, 2016, Trustee initiated 12 adversary proceedings (the "**Adversary Proceedings**") in the Bankruptcy Case by filing complaints against the Defendants, as follows:

| Defendant | Adversary Proceeding No. |
|---|---|
| Altacare Corporation | 16-5288-PWB |
| HP/Wichita Hill, Inc. | 16-5289-PWB |
| LTC Healthcare at Florence, Inc. | 16-5290-PWB |
| HP/Cambridge House, Inc. | 16-5291-PWB |
| HP/Carrington, Inc. | 16-5292-PWB |
| Fireside-LTC, LLC | 16-5293-PWB |
| Five Rivers Management, LLC | 16-5294-PWB |
| Friendship-LTC, LLC | 16-5295-PWB |
| Great Bend-LTC, LLC | 16-5296-PWB |
| Rosewood-LTC, LLC | 16-5297-PWB |
| Woodland Park-LTC, LLC | 16-5298-PWB |
| Long Term Care Services, Inc. | 16-5299-PWB |

10.    In the Adversary Proceedings, Trustee, among other things, sought the avoidance and recovery of various pre and post-petition transfers, or their value, of Debtor's interest in property to the Defendants.

11664352v1

EXECUTION COPY

11.     The Defendants contest all claims that Trustee raised against them in the Adversary Proceedings.  All claims raised by Trustee in the Adversary Proceedings are hereafter the "**Avoidance Disputes**".

12.     On or about August 31, 2017, the Bankruptcy Court entered orders authorizing Trustee and the Defendants to mediate the Avoidance Disputes through a mediation hosted by the Honorable Mary Grace Diehl (the "**Mediation**").

13.     As a result of the Mediation, Trustee, the Defendants, Mr. Mittleider, Mr. Douston, and Mr. Gibson (collectively, the "**Settling Parties**") have reached an agreement resolving the claims raised by Trustee against the Defendants as to the Avoidance Disputes and all other claims between Trustee, on the one hand, and the Defendants, Mr. Mittleider, Mr. Douston, and Mr. Gibson, on the other hand.

Accordingly, the Settling Parties agree as follows:

1.     **Background.**  The recitations in the above background section are incorporated into this Agreement as if set forth fully herein.

2.     **Resolution of the Avoidance Disputes.**   Subject to approval of this Agreement by the Bankruptcy Court, following notice and the opportunity for a hearing, the Settling Parties agree to resolve the Avoidance Disputes as follows:

2.1.     *Approval of Proposed Settlement.*   Within five (5) business days after execution of this Agreement by each of the Settling Parties, Trustee shall prepare and file the necessary pleadings, including, but not limited to, a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("**Settlement Approval Motion**"), seeking entry of an order by the Bankruptcy Court approving the compromise and settlement contemplated herein ("**Settlement Approval Order**").

For the purposes of this Agreement, the Settlement Approval Order becomes final when it has been entered on the docket in the Bankruptcy Case and it (a) has not been reversed, stayed, modified or amended and as to which the time to appeal from, or to seek review or rehearing of, has expired and as to which no appeal or petition for review, rehearing or certiorari is pending; or (b) if appealed from, has been affirmed (or the appeal dismissed) and the time to appeal from such affirmance or to seek review or rehearing thereof has expired, or no further hearing, appeal or petition for certiorari can be taken or granted.

2.2.     *Payment of Settlement Funds by the Defendants to Trustee.*   After the Settlement Approval Order becomes final, the Defendants, who are jointly and severally responsible for the payment of the settlement funds, shall pay a total of $350,000.00 (the "**$350,000.00 Settlement Funds**") in good funds to Trustee in

11664352v1

EXECUTION COPY

resolution of the Avoidance Disputes in accordance with the following schedule (the "**Scheduled Payments**"):

2.2.1.  $120,000.00 (the "**First $120,000.00 Payment**") within 30 days of the Settlement Approval Order becoming final;

2.2.2.  Six payments of $33,333.33 every 90 days after the First $120,000.00 Payment is made (collectively, the "**Installment Payments**"); and

2.2.3.  $30,000.00 within 90 days after the final of the Installment Payments is made.

For avoidance of doubt, the Defendants shall pay all portions of the $350,000.00 Settlement Funds to Trustee by causing checks from the IOLTA account of their attorney, the Falcone Law Firm, P.C. or any other law firm that they hire, made payable to "S. Gregory Hays, Trustee (HP/Superior, Inc.)" to be delivered to counsel for Trustee, Michael J. Bargar, addressed as follows:

Michael J. Bargar
Arnall Golden Gregory LLP
171 17th Street, NW, Suite 2100
Atlanta, Georgia 30363

In addition, by way of further clarification, the Settling Parties agree that the Scheduled Payments shall be deemed received by Trustee when the related check from the IOLTA account of the Falcone Law Firm, P.C. or any other law firm that Defendants hire is delivered to counsel for Trustee, Michael J. Bargar.

2.3.    *Events of Default and Limited Cure Periods.*  If Defendants fail to pay timely the Scheduled Payments as set forth in Section 2.2 of this Agreement, the Defendants shall be entitled to two, and only two, 15-day cure periods following notice (the "**Default Notice**") by Trustee to the Defendants, in which Trustee shall notify the Defendants that they have failed to make a Scheduled Payment and which notice shall be given as set forth in Section 12 of this Agreement.  Following the Defendants' receipt, as set forth in Section 12 of this Agreement, of a Default Notice, the Defendants shall have fifteen days to cure the non-payment (the "**15-Day Cure Opportunity**") of the Scheduled Payment by delivering the respective Scheduled Payment to Trustee as set forth in Section 2.2 of this Agreement.  After the two permitted cure periods have been used, Trustee shall be entitled to strict compliance with all subsequent payment deadlines.

2.4.    *Trustee entitled to Judgments Against each of the Defendants in the Respective Adversary Proceedings.*  Effective upon the Settlement Approval Order becoming final, the Defendants shall execute consent orders ("**Consent Orders**") and consent judgments (the "**Consent Judgments**"), substantially in the form of the order and judgment attached hereto as Exhibit "A," in the Adversary

EXECUTION COPY

Proceedings in favor of Trustee and against the Defendants in amounts equal to the total amounts Trustee claimed against the respective Defendant in the respective Adversary Proceeding. Trustee shall hold the Consent Orders and Consent Judgments in escrow except as expressly set forth in Section 2.5 of this Agreement.

2.5. *Remedies following Default*. If the Defendants: (a) fail to cure timely an unpaid Scheduled Payment following one of their two 15-day Cure Opportunities, or (b) fail to pay timely a Scheduled Payment after they have exhausted their two 15-day Cure Opportunities, then:

    2.5.1. Trustee shall be entitled to seek entry of the Consent Orders and the Consent Judgments by the Bankruptcy Court in the Adversary Proceedings and then to take any other actions necessary or appropriate to collect the Consent Judgments; and

    2.5.2. Trustee shall be authorized to take all steps necessary to compel the Defendants to comply with the terms of this Agreement.

2.6. *Release by the Defendants, Mr. Mittleider, Mr. Douston, and Mr. Gibson of Trustee and the Bankruptcy Estate.* Effective upon the Settlement Approval Order becoming final, and except for the rights, duties, and obligations created or preserved under this Agreement, the Defendants, Mr. Mittleider, Mr. Douston, and Mr. Gibson release, acquit, and forever discharge Trustee and the Bankruptcy Estate and each and every past and present agent, servant, employee, representative and attorney of Trustee or the Bankruptcy Estate from any and all Claims (as defined in Section 9 of this Agreement) of any kind, character or nature whatsoever, known or unknown, fixed or contingent, that the Defendants, Mr. Mittleider, Mr. Douston, or Mr. Gibson may have or claim to have against Trustee or the Bankruptcy Estate prior to the Effective Date.

2.7. *Release by Trustee of Fireside, Five Rivers, Friendship, Great Bend, Rosewood, Woodland Park, Mr. Douston, and Mr. Gibson.* Effective upon Trustee's receiving $200,000.00 of the $350,000.00 Settlement Funds from the Defendants and the Settlement Approval Order becoming final, and except for the rights, duties, and obligations created or preserved under this Agreement, Trustee releases, acquits, and forever discharges Fireside, Five Rivers, Friendship, Great Bend, Rosewood, Woodland Park, Mr. Douston, and Mr. Gibson from any and all Claims (as defined in Section 9 of this Agreement) of any kind, character or nature whatsoever, known or unknown, fixed or contingent, that Trustee may have or claim to have against Fireside, Five Rivers, Friendship, Great Bend, Rosewood, Woodland Park, Mr. Douston, and Mr. Gibson prior to the Effective Date.

2.8. *Release by Trustee of Altacare, HP/Wichita, LTC Healthcare, HP/Cambridge, HP/Carrington, Long Term Care, and Mr. Mittleider.* Effective upon Trustee's

11664352v1

EXECUTION COPY

receiving the entirety of $350,000.00 Settlement Funds from the Defendants and the Settlement Approval Order becoming final, and except for the rights, duties, and obligations created or preserved under this Agreement, Trustee releases, acquits, and forever discharges Altacare, HP/Wichita, LTC Healthcare, HP/Cambridge, HP/Carrington, Long Term Care, and Mr. Mittleider from any and all Claims (as defined in Section 9 of this Agreement) of any kind, character or nature whatsoever, known or unknown, fixed or contingent, that Trustee may have or claim to have against Altacare, HP/Wichita, LTC Healthcare, HP/Cambridge, HP/Carrington, Long Term Care, and Mr. Mittleider prior to the Effective Date.

2.9.    *No Claim Against the Bankruptcy Estate.*  The Settling Parties stipulate and agree that neither the Defendants, Mr. Mittleider, Mr. Douston, nor Mr. Gibson shall have a claim in the Bankruptcy Case against the Bankruptcy Estate for or on account of payment of all or any portion of the $350,000.00 Settlement Funds, or for any reason, and that neither the Defendants, Mr. Mittleider, Mr. Douston, Mr. Gibson nor any of their affiliates, agents, principals, or subsidiaries shall receive a distribution from the Bankruptcy Estate.

2.10.    *Dismissal of Adversary Proceedings.*  Within fifteen (15) business days of Trustee's actual receipt of the $350,000.00 Settlement Funds from the Defendants, Trustee and the Defendants shall file stipulations dismissing with prejudice the Adversary Proceedings.

3.    **No Admissions.**  The Settling Parties acknowledge and agree that this Agreement is being executed and delivered as part of the compromise and settlement of disputed claims and is expressly contingent upon and subject to the approval of the Bankruptcy Court. The Settling Parties further acknowledge and agree that this Agreement will not and may not be used or construed as an admission of any liability or responsibility to any Party or to any other persons.

4.    **Entire Agreement; Modification.**  The Settling Parties agree that there are no other agreements, oral or written, between or among them relating to any matters covered by this Agreement and that this Agreement constitutes the entire agreement and understanding between the Settling Parties relating to the subject matter contained herein. The Settling Parties further agree that this Agreement may not be altered, amended, or modified in any respect or particular whatsoever, except by a writing duly executed by Trustee, the Defendants, Mr. Mittleider, Mr. Douston, and Mr. Gibson and that any material amendment is subject to Bankruptcy Court approval.

5.    **Voluntary Execution of Agreement.**  The Settling Parties hereby mutually acknowledge and represent and warrant that they have been fully advised by their respective legal counsel of their rights and responsibilities under this Agreement, that they have read, know, and understand completely the contents hereof, and that they have voluntarily executed the same. The Settling Parties further mutually acknowledge and represent and warrant that they have had input into the drafting of this Agreement and that, accordingly,

EXECUTION COPY

in any construction to be made of this Agreement, it shall not be construed for or against any of Trustee, the Defendants, Mr. Mittleider, Mr. Douston, or Mr. Gibson but rather shall be given fair and reasonable interpretation based on the plain language of this Agreement and the expressed intent of the Settling Parties.

6.    **Authority of Settling Parties.**  The persons executing this Agreement represent and warrant that they have the legal and institutional authority to do so on behalf of the person or legal entity for which they are signing.

7.    **Counterparts.**  This Agreement may be executed in one or more counterparts, each of which is an original, and all of which constitute only one agreement between the Settling Parties.  Counterparts of this Agreement also may be exchanged via electronic transmission such as facsimile machines or computer, and any Party's signature transmitted by such electronic transmission shall be deemed to be an original signature for all purposes.

8.    **Bankruptcy Court Jurisdiction.**  The Bankruptcy Court shall retain jurisdiction over the Settling Parties for enforcement of this Agreement and any and all disputes, controversies, or claims regarding the interpretation, validity, construction or other issue relating to or concerning this Agreement.  An action relating to, based upon, or arising from a breach of this Agreement shall be brought only in the Bankruptcy Court which shall retain jurisdiction over the subject matter and the Settling Parties for this purpose.

9.    **Definition of Claims.**  The term "Claims" means all claims or causes of action that were asserted or could have been brought as of the Effective Date by or on behalf of any Party to this Agreement, either directly or indirectly, in respect of, in relation to, or in connection with the Bankruptcy Case or the Adversary Proceedings.

10.    **Applicable Law.**  This Agreement shall be governed by, and construed in accordance with, the laws of the State of Georgia, without regard to its conflict of law principles.

11.    **Severability.**  If any provision of this Agreement is illegal or unenforceable, that provision is severed from this Agreement and the other provisions remain in force; provided, however, that the payments required by Section 2.2 of this Agreement are central to the Agreement and may not be severed or stricken from the Agreement.

12.    **Notices.**  Any notices by Settling Parties provided for or permitted under this Agreement, or by law, shall be in writing and shall be deemed received: (a) when personally delivered to a party, on the date of such delivery; or (b) when sent via electronic mail to a party at the electronic mail address set forth below, on the date of transmission, provided that the transmitting Party has no reasonable belief that the electronic mail was not delivered; or (c) when deposited in the United States Mail, certified and postage prepaid, addressed to such party at the address set forth below, five (5) days following the deposit of such notice in the mail.  Notices shall be sent to the parties as follows

EXECUTION COPY

12.1.   *If to Trustee*:

> Michael J. Bargar
> Arnall Golden Gregory LLP
> 171 17th Street, NW, Suite 2100
> Atlanta, GA 30363
> michael.bargar@agg.com (electronic mail)

12.2.   *If to the Defendants*:

> Ian M. Falcone
> The Falcone Law Firm, P.C.
> 363 Lawrence Street
> Marietta, GA 30060
> imf@falconefirm.com (electronic mail)

12.3.   *If to Mr. Mittleider:*

> Doug Mittleider
> 3050 Royal Boulevard South
> Suite 190
> Alpharetta, GA 30022

12.4.   *If to Mr. Douston:*

> Daren Douston
> 10945 State Bridge Road
> Suite 401-470
> Alpharetta, GA 30022

12.5.   *If to Mr. Gibson:*

> Kerry Gibson
> 118 White Dove Lane
> Crowley, LA 70526

The address to which notices are to be sent may be changed by any party by providing notice of the new address as provided herein.

13.    **Restoration**.  In the event that the Bankruptcy Court denies approval of this Agreement, then, and in that event, unless otherwise agreed by the Settling Parties in writing, this Agreement shall terminate and be null and void and have no further force or effect and the Settling Parties shall be restored to their respective factual and legal positions which existed immediately prior to execution of this Agreement.

14.    **Settling Parties to Bear Own Costs**.  Except as otherwise stated in this Agreement, each

11664352v1

Party shall bear its own costs (including attorney's fees) incurred in connection with the negotiation, preparation, execution, and carrying out of this Agreement and any other agreements, instruments, or documents executed in accordance with the terms of this Agreement.

15.    **Time is of the Essence.** Time is of the essence in this Agreement.

To evidence the Settling Parties' agreement to this Agreement, they have executed and delivered it on the dates set forth below the signature lines, but as of the Effective Date.

**TRUSTEE**

_____

S. Gregory Hays, as and only as Chapter 7
Trustee for the Bankruptcy Estate of HP/Superior, Inc.
(Case No. 14-71797-PWB)

Dated:_____

**DOUGLAS MITTLEIDER**

_____
Douglas Mittleider

Dated: _12.22.17_____

**DAREN DOUSTON**

_____
Daren Douston

Dated:_____

**KERRY GIBSON**

_____
Kerry Gibson

Dated:_____

11664352v1

EXECUTION COPY

Party shall bear its own costs (including attorney's fees) incurred in connection with the negotiation, preparation, execution, and carrying out of this Agreement and any other agreements, instruments, or documents executed in accordance with the terms of this Agreement.

15. **Time is of the Essence.** Time is of the essence in this Agreement.

To evidence the Settling Parties' agreement to this Agreement, they have executed and delivered it on the dates set forth below the signature lines, but as of the Effective Date.

**TRUSTEE**

_____
S. Gregory Hays, as and only as Chapter 7
Trustee for the Bankruptcy Estate of HP/Superior, Inc.
(Case No. 14-71797-PWB)

Dated:_____

**DOUGLAS MITTLEIDER**

_____
Douglas Mittleider

Dated:_____

**DAREN DOUSTON**

_____
Daren Douston

Dated: 12/28/ 7

**KERRY GIBSON**

_____
Kerry Gibson

Dated: 12/28/17

Page 9 of 11

11664352v1

Party shall bear its own costs (including attorney's fees) incurred in connection with the negotiation, preparation, execution, and carrying out of this Agreement and any other agreements, instruments, or documents executed in accordance with the terms of this Agreement.

15.    **Time is of the Essence.**  Time is of the essence in this Agreement.

To evidence the Settling Parties' agreement to this Agreement, they have executed and delivered it on the dates set forth below the signature lines, but as of the Effective Date.

**TRUSTEE**

_____
S. Gregory Hays, as and only as Chapter 7
Trustee for the Bankruptcy Estate of HP/Superior, Inc.
(Case No. 14-71797-PWB)

Dated: 12-29-2017

**DOUGLAS MITTLEIDER**


_____
Douglas Mittleider

Dated:_____


**DAREN DOUSTON**


_____
Daren Douston

Dated:_____

**KERRY GIBSON**


_____
Kerry Gibson

Dated:_____

11664352v1

EXECUTION COPY

**ALTACARE CORPORATION**

By:

Name: Douglas Mittleider
Title: President
Dated: _12-22-17_

**HP/WICHITA HILL, INC.**

By:

Name: Douglas Mittleider
Title: President
Dated: _12-22-17_

**LTC HEALTHCARE AT FLORENCE, INC.**

By:

Name: Douglas Mittleider
Title: President
Dated: _12-22-17_

**HP/CAMBRIDGE HOUSE, INC.**

By:

Name: Douglas Mittleider
Title: President
Dated: _12-22-17_

**HP/CARRINGTON, INC.**

By:

Name: Douglas Mittleider
Title: President
Dated: _12-22-17_

**LONG TERM CARE SERVICES, INC.**

By:

Name: Douglas Mittleider
Title: President
Dated: _12-22-17_

11664352v1

EXECUTION COPY

**FIRESIDE-LTC, LLC**

By: _____

    Name: Daren Douston

    Title: Member

Dated: 12-28-17

KERRY GIBSON
member
12/28/17

**FIVE RIVERS MANAGEMENT, LLC**

By: _____

    Name: Daren Douston

    Title: Member

Dated: 12-28-17

KERRY GIBSON
member
12/28/17

**FRIENDSHIP-LTC, LLC**

By: _____

    Name: Daren Douston

    Title: Member

Dated: 12-28-17

KERRY GIBSON
member
12/28/17

**GREAT BEND-LTC, LLC**

By: _____

    Name: Daren Douston

    Title: Member

Dated: 12-28-17

KERRY GIBSON
member
12/28/17

**ROSEWOOD-LTC, LLC**

By: _____

    Name: Daren Douston

    Title: Member

Dated: 12-28-17

KERRY GIBSON
member
12/28/17

**WOODLAND PARK-LTC, LLC**

By: _____

    Name: Daren Douston

    Title: Member

Dated: 12-28-17

KERRY GIBSON
member
12/28/17

11664352v1

EXECUTION COPY

**EXHIBIT "A" FOLLOWS**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | **CASE NO. 14-71797 - PWB** |
| | ) | |
| **HP/SUPERIOR, INC.,** | ) | **CHAPTER   7** |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| **S. GREGORY HAYS, Chapter 7 Trustee** | ) | **ADVERSARY PROCEEDING** |
| **for the Estate of HP/SUPERIOR, INC.,** | ) | **NO. 16-05292-PWB** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **HP/CARRINGTON, INC. d/b/a THE** | ) | |
| **CARRINGTON,** | ) | |
| | ) | |
| Defendant. | ) | |

**CONSENT ORDER**

1

This matter is before the Court on the *Motion for Entry of Consent Order and Consent Final Judgment* (the "**Motion**") filed by S. Gregory Hays, as Chapter 7 Trustee and plaintiff herein ("**Trustee**"), seeking, in accordance with that certain Settlement Agreement (the "**Settlement Agreement**") approved by Order of the Court [Case No. 14-71797-PWB; Doc. No. __], entry of a Consent Order and Consent Final Judgment holding that certain Pre-Petition Transfers and Post-Petition Transfers by Debtor to HP/Carringon, Inc. d/b/a The Carrington ("**HP/Carrington**") are avoided and that Trustee is entitled to recover the value of the same from HP/Carrington, under various provisions of Title 11 of the United States Code and other applicable law.[1]

The Court having considered the Motion; Trustee and HP/Carrington having consented to the entry of this Consent Order; and, for good cause shown, it is hereby

**ORDERED** that the Motion is **GRANTED**. It is further

**ORDERED** that the Pre-Petition Transfers are avoided under 11 U.S.C. § 548(a)(1)(A) and (B), O.C.G.A. §§ 18-2-74(a) and 75(a) and (b), through 11 U.S.C. § 544(b), and 11 U.S.C. § 547. It is further

**ORDERED** that the Post-Petition Transfers are avoided under 11 U.S.C. § 549. It is further

**ORDERED** that HP/Carrington is liable to Trustee in the amount of $437,500.00. It is further

**ORDERED** that final judgment shall be entered on Trustee's Complaint in favor of Trustee and against HP/Carrington in the amount of $437,500.00 plus interest on that amount from the date of this judgment at the rate provided for under 28 U.S.C. § 1961. It is further

---

[1]    Capitalized terms not defined in this Order shall have the meaning ascribed to them in Trustee's Complaint [Doc. No. 1].

**ORDERED** that Trustee may submit a final judgment to be entered in this adversary proceeding.  It is further

**ORDERED** that, because there is no just reason for delay, the judgment granted Trustee by this Order shall constitute a final judgment, within the meaning of Rule 54(b) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7054(a) of the Federal Rules of Bankruptcy Procedure.

**[END OF DOCUMENT]**

**Prepared and Consented to by:**

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By: _____
      Michael J. Bargar
      Georgia Bar No. 645709
Direct Phone: (404) 873-7030
Direct Fax: (404) 873-7031
Email: *michael.bargar@agg.com*
171 17th Street, NW, Suite 2100
Atlanta, Georgia 30363

**Reviewed and Consented to by:**

THE FALCONE LAW FIRM, P.C.
*Attorneys for Defendant*

By: _____
      Ian M. Falcone
      Georgia Bar No. 254470
      imf@falconefirm.com
363 Lawrence Street
Marietta, GA 30060
Ph: 770.426.9359

11637824v1

**Identification of parties to be served:**

Michael J. Bargar, Arnall Golden Gregory LLP, 171 17th Street, NW, Atlanta, GA 30363-1031

Ian M. Falcone, The Falcone Law Firm, P.C., 363 Lawrence Street, Marietta, Georgia 30060

11637824v1

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | **CASE NO. 14-71797 - PWB** |
| | ) | |
| **HP/SUPERIOR, INC.,** | ) | **CHAPTER   7** |
| | ) | |
| Debtor. | ) | |
| | ) | |
| **S. GREGORY HAYS, Chapter 7 Trustee** | ) | **ADVERSARY PROCEEDING** |
| **for the Estate of HP/SUPERIOR, INC.,** | ) | **NO. 16-05292-PWB** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **HP/CARRINGTON, INC. d/b/a THE** | ) | |
| **CARRINGTON,** | ) | |
| | ) | |
| Defendant. | ) | |

**CONSENT FINAL JUDGMENT**

On November 2, 2016, S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the

bankruptcy estate of HP/Superior, Inc. ("**Debtor**"), initiated this adversary proceeding against

HP/Carrington, Inc. d/b/a The Carrington ("**HP/Carrington**"), by filing a Complaint [Doc. No. 1] (the "**Complaint**"). Pursuant to the Complaint, Trustee sought, *inter alia*, the avoidance and recovery of certain Pre-Petition Transfers and Post-Petition Transfers by Debtor to HP/Carrington under various provisions of Title 11 of the United States Code and other applicable law.[1]

The Court having reviewed the filings of record; HP/Carrington having consented and stipulated to the entry of this Consent Final Judgment; and, for good cause shown it is hereby

**ORDERED AND ADJUDGED** that the Pre-Petition Transfers are avoided under 11 U.S.C. § 548(a)(1)(A) and (B), O.C.G.A. §§ 18-2-74(a) and 75(a) and (b), through 11 U.S.C. § 544(b), and 11 U.S.C. § 547.   It is further

**ORDERED and ADJUDGED** that the Post-Petition Transfers are avoided under 11 U.S.C. § 549.  It is further

**ORDERED and ADJUDGED** that HP/Carrington is liable to Trustee in the amount of $437,500.00.  It is further

**ORDERED AND ADJUDGED** that final judgment is entered on Trustee's Complaint in favor of Trustee and against HP/Carrington in the amount of $437,500.00 plus interest on that amount from the date of this judgment at the rate provided for under 28 U.S.C. § 1961.

**ORDERED AND ADJUDGED** that, because there is no just reason for delay, this judgment is a final judgment, within the meaning of Rule 54(b) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7054(a) of the Federal Rules of Bankruptcy Procedure.

**[END OF DOCUMENT]**

---

[1]    Capitalized terms not defined in this Judgment shall have the meanings ascribed to them in the Complaint [Doc. No. 1].

**Prepared and Consented to by:**

ARNALL GOLDEN GREGORY LLP
*Attorneys for Plaintiff*

By: _____
    Michael J. Bargar
    Georgia Bar No. 645709
    *michael.bargar@agg.com*

171 17th Street, NW, Suite 2100
Atlanta, Georgia 30363
Direct Phone: (404) 873-7030
Direct Fax: (404) 873-7031

**Reviewed and Consented to by:**

THE FALCONE LAW FIRM, P.C.
A*ttorneys for Defendant*

By: _____
    Ian M. Falcone
    Georgia Bar No. 254470
    imf@falconefirm.com
363 Lawrence Street
Marietta, GA 30060
Ph: 770.426.9359

**Identification of parties to be served:**

Michael J. Bargar, Arnall Golden Gregory LLP, 171 17th Street, NW, Atlanta, GA 30363-1031

Ian M. Falcone, The Falcone Law Firm, P.C., 363 Lawrence Street, Marietta, Georgia 30060

## CERTIFICATE OF SERVICE

This is to certify that I, Michael J. Bargar, am over the age of 18 and that I have this day served a true and correct copy of the foregoing *Motion for Order Authorizing Settlement between Trustee and Altacare Corporation; HP/Wichita Hill, Inc.; LTC Healthcare at Florence, Inc.; HP/Cambridge House, Inc.; HP/Carrington, Inc.; Fireside-LTC, LLC; Five Rivers Management, LLC; Friendship-LTC, LLC; Great Bend-LTC, LLC; Rosewood-LTC, LLC; Woodland Park-LTC, LLC; Long Term Care Services, Inc.; Douglas Mittleider; Daren Douston; and Kerry Gibson under Rule 9019 of the Federal Rules of Bankruptcy Procedure* by first class United States mail on the following persons or entities at the addresses stated:

Office of the United States Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Suite 555
Atlanta, GA 30305

Cathy L. Scarver
P. O. Box 672587
Marietta, GA 30006

Ashley Reynolds Ray
Scroggins & Williamson
One Riverside, Suite 450
4401 Northside Parkway
Atlanta, GA 30327

HP/Superior, Inc.
5174 McGinnis Ferry Road
Suite 195
Alpharetta, GA 30005

Kevin A. Stine
Baker Donelson Bearman
Monarch Plaza, Suite 1600
3414 Peachtree Road, NE
Atlanta, GA 30326

Internal Revenue Service
Insolvency Unit
401 West Peachtree Street
Stop 335-D
Atlanta, GA 30308

Department of Justice - Tax Division
Attn: Chief, Civil Trial Section
Southern Region
P.O. Box 14198
Ben Franklin Station
Washington, D.C. 20044

United States Attorney General
Main Justice Building
10th and Constitution Avenue, NW
Washington, D.C. 20530

U.S. Attorney
Northern District of Georgia
Civil Division, Attn: Civil Clerk
600 Richard B. Russell Building
75 Ted Turner Drive, S.W.
Atlanta, GA 30303

Lisa Johnson
Bankruptcy Specialist
Internal Revenue Service
401 W Peachtree ST, NW
M/S 334-D
Atlanta, GA 30308

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

F. Mark Bromley
Wisconsin Dept. of Justice
17 West Main Street
P. O. Box 7857
Madison, WI 53707-7857

Wisconsin Department of Revenue
Special Procedures Unit
PO Box 8901
Madison, WI 53708-8901

11687404v1

Hiram Cutting
Wisconsin Department of Revenue
Special Procedures Unit
PO Box 8901
Madison, WI 53708-8901

The Stark Collection Agency Inc.
PO Box 45710
Madison, WI 53744-5710

State of Wisconsin, DWD – UI
PO Box 8914
Madison, WI 53708

Ariane Daniels
State of Wisconsin, DWD – UI
PO Box 8914
Madison, WI 53708

Badger Acquisition of Minnesota
d/b/a Omnicare of Minnesota
900 Omnicare Center
201 East Fourth Street
Cincinnati, OH 45202

JoAnn Billman
Omnicare, Inc.
900 Omnicare Center
201 East Fourth Street
Cincinnati, OH 45202

Lauren M. Gregory
Seyfarth Shaw LLP
1075 Peachtree Street, NE, Suite 2500
Atlanta, GA 30309

Ian M. Falcone
The Falcone Law Firm, P.C.
363 Lawrence Street
Marietta, GA 30060

Doug Mittleider
3050 Royal Boulevard South
Suite 190
Alpharetta, GA 30022

11687404v1

Daren Douston
10945 State Bridge Road
Suite 401-470
Alpharetta, GA 30022

Kerry Gibson
118 White Dove Lane
Crowley, LA 70526


This 29th day of December, 2017.

*/s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709