UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| HP/SUPERIOR, INC. | : | CASE NO. 14-71797 - PWB |
| | : | |
| Debtor. | : | |

**MOTION FOR ORDER AUTHORIZING SETTLEMENT BETWEEN TRUSTEE AND EVERGREEN REHABILITATION, LLC UNDER RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

COMES NOW S. Gregory Hays, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of HP/Superior, Inc. ("**Debtor**"), by and through the undersigned counsel, and files his *Motion for Order Authorizing Settlement between Trustee and Evergreen Rehabilitation, LLC under Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "**Settlement Motion**"). In support of the Settlement Motion, Trustee respectfully shows the Bankruptcy Court as follows:

**Jurisdiction and Venue**

1. This Bankruptcy Court has jurisdiction over this Settlement Motion under 28 U.S.C. §§ 157 and 1334. Venue of this case in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought in this Settlement Motion is Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). This Settlement Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

**Background**

*i. General Background*

2. On November 3, 2014 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as

11784303v1

amended, modified, or supplemented, the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division ("**Bankruptcy Court**"), initiating Chapter 11 Case No. 14-71797-PWB (the "**Bankruptcy Case**").

3.  On January 6, 2015 (the "**SHI Petition Date**"), Superior Healthcare Investors, Inc. ("**SHI**") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, initiating Case No. 15-50439-PWB in the Bankruptcy Court (the "**SHI Bankruptcy Case**").

4.  On February 3, 2015, the Bankruptcy Court entered an order [Doc. No. 59; Case No. 14-71797-PWB] authorizing the joint administration of the Bankruptcy Case and the SHI Bankruptcy Case for procedural purposes only under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

5.  On October 27, 2015, the Bankruptcy Court entered an order [Doc. No. 141; Case No. 14-71797-PWB] directing the appointment of Chapter 11 trustees on behalf of Debtor and SHI.

6.  On October 30, 2015, the Bankruptcy Court entered an order [Doc. No. 146; Case No. 14-71797-PWB] approving Trustee as Chapter 11 Trustee for Debtor, and on the same day the Bankruptcy Court entered an order [Doc. No. 23; Case No 15-50439-PWB] approving Cathy L. Scarver ("**Ms. Scarver**") as Chapter 11 Trustee for SHI.

7.  On November 17, 2015, the Bankruptcy Court entered an order [Doc. No. 168; Case No. 14-71797-PWB] converting the Bankruptcy Case and the SHI Bankruptcy Case from cases under Chapter 11 to cases under Chapter 7 of the Bankruptcy Code effective as of November 4, 2015 and severing their joint administration.

8.  On November 23, 2015, the United States Trustee appointed Trustee as the Chapter 7 Trustee in the Bankruptcy Case. [Doc. No. 170; Case No. 14-71797-PWB]. Trustee

11784303v1

2

held and concluded the Section 341 meeting of creditors on January 12, 2016, and Trustee is now the permanent Chapter 7 Trustee in the Bankruptcy Case.

9. Prior to the Petition Date, and for the majority of the time that the Bankruptcy Case was pending as a Chapter 11 case, Debtor operated a long-term nursing home facility located in the City of Superior, Douglas County Wisconsin on real property owned by SHI.

*ii. The Adversary Proceeding*

10. On November 3, 2016, Trustee initiated an adversary proceeding styled as *Hays v. Evergreen Rehabilitation, LLC* (Adv. Proceeding No. 16-5300-PWB) (the "**Adversary Proceeding**"), seeking to avoid and recover from Evergreen certain pre-petition transfers of Debtor's interests in property to Evergreen Rehabilitation, LLC (the "**Transfer Issues**"). The amount at issue in the Adversary Proceeding is $90,000.00.

11. Evergreen Rehabilitation, LLC ("**Evergreen**") answered Trustee's complaint asserting various defenses and denying liability. In addition to the defenses asserted by Evergreen, counsel for Evergreen has represented to Trustee that Evergreen is no longer an operating entity.

**The Proposed Settlement**

12. Following negotiations, Trustee and Evergreen (collectively, the "**Parties**") have entered a Settlement Agreement (the "**Settlement Agreement**") that resolves the Transfer Issues raised by Trustee, subject to Bankruptcy Court approval. A copy of the Settlement Agreement is attached as Exhibit "A" to this Settlement Motion and is incorporated herein by reference. Significant terms of the Settlement Agreement follow:[1]

---

[1] The following is a summary of the Settlement Agreement and is not intended to be comprehensive. To the extent that anything in this summary is contrary to the terms of the Settlement Agreement, the Settlement Agreement shall control.

    a. Within five (5) business days of the Settlement Approval Order[2] becoming final, Evergreen shall pay $12,500.00 (the "**$12,500.00 Settlement Funds**") in good funds to Trustee.

    b. Effective upon Trustee's receiving the $12,500.00 Settlement Funds from Evergreen and the Settlement Approval Order becoming a final order, and except for the rights, duties, and obligations created or preserved under this Agreement, Trustee releases, acquits, and forever discharges Evergreen from any and all Claims (as defined in Section 9 of the Settlement Agreement) of any kind, character or nature whatsoever, known or unknown, fixed or contingent, that Trustee may have or claim to have against Evergreen prior to the Effective Date.

    c. Effective upon the Settlement Approval Order becoming final, and except for the rights, duties, and obligations created or preserved under this Agreement, Evergreen releases, acquits and forever discharges Trustee and the Bankruptcy Estate and each and every past and present agent, servant, employee, representative and attorney of Trustee or the Bankruptcy Estate from any and all Claims (as defined in Section 9 of the Settlement Agreement) of any kind, character or nature whatsoever, known or unknown, fixed or contingent, that Evergreen may have or claim to have against Trustee or the Bankruptcy Estate prior to the Effective Date.

    d. The Parties stipulate and agree that Evergreen shall not have a claim under Section 502(h) of the Bankruptcy Code, or any other applicable provision, in the Bankruptcy Case for or on account of payment of the $12,500.00 Settlement Funds, or for any reason, and that neither Evergreen nor any of its affiliates, agents, principals, or subsidiaries shall receive a distribution from the Bankruptcy Estate.

    e. Within ten (10) business days of the later of: (a) the Settlement Approval Order becoming a final order, or (b) Trustee's receiving the $12,500.00 Settlement Funds from Evergreen, the Parties shall file a stipulation dismissing with prejudice the Adversary Proceeding.

## Relief Requested

13. By this Settlement Motion, Trustee requests that the Bankruptcy Court approve the Settlement Agreement between the Parties.

---

[2] Capitalized terms not defined in this Settlement Motion shall have the meanings ascribed to them in the Settlement Agreement.

**Basis for Relief**

14. Federal Rule of Bankruptcy Procedure 9019(a) provides, in pertinent part, that "[o]n motion by Trustee and after notice of a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The standard in this Circuit for determining whether to approve a compromise or settlement pursuant to Rule 9019(a) is set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990), in which the Eleventh Circuit stated as follows:

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:
>
> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1549. In making its evaluation, a court must not rest its approval of the settlement on a resolution of the ultimate factual and legal issues underlying the compromised disputes. *In re Teltronics Servs., Inc.*, 762 F.2d 185, 189 (2d Cir. 1985). Rather, the court should consider the probable outcome of the litigation, including its advantages and disadvantages, and make a pragmatic decision based on all equitable factors. *Florida Trailer and Equip. Co. v. Deal,* 284 F.2d 567, 571 (5th Cir. 1960).[3]

15. The proposed settlement between the Parties is the product of arms' length negotiations and reflects the Parties' analysis and consideration of the relevant legal, factual, and economic issues.

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent the decisions of the former Fifth Circuit issued before October 1, 1981.

16. Given the potential expense of litigating the claims raised by Trustee against Evergreen, and the contingent nature of the same, in the event that the claims that are proposed to be settled are instead prosecuted, the amount of time that such litigation will require, the delay before the final outcome is known (including the time necessary for any potential appeals), the complexity and uncertain resolution of factual and legal disputes, and the costs of collecting any resulting judgment in favor of Trustee, settlement on the terms described in the Settlement Agreement is a proper exercise of the Trustee's business judgment and in the best interests of the Bankruptcy Estate.

17. Under the standard set forth above and for the reasons previously detailed in this Settlement Motion, Trustee urges that this Bankruptcy Court approve the Settlement Agreement.

WHEREFORE, Trustee respectfully requests that the Bankruptcy Court enter an Order (i) granting this Settlement Motion; (ii) authorizing Trustee to take actions reasonably necessary to effectuate the terms of the Settlement Agreement; and (iii) granting to the parties such other and further relief as the Court deems just and appropriate.

Respectfully submitted, this 29th day of January, 2018.

                                        ARNALL GOLDEN GREGORY LLP
                                      *Attorneys for Trustee*

                                      By: */s/ Michael J. Bargar*

171 17th Street, NW, Suite 2100          Michael J. Bargar
Atlanta, GA 30363                              Georgia Bar No. 645709
(404) 873-8500                                   michael.bargar@agg.com

**EXHIBIT "A" FOLLOWS**

11784303v1

## SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") dated as of \_\_\_January 26\_\_\_, 2018 (the "**Effective Date**"), is entered between S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of HP/Superior, Inc. ("**Debtor**"), and Evergreen Rehabilitation, LLC ("**Evergreen**"), a Kentucky limited liability company.

### Background

*General Background*

1. On November 3, 2014 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended, modified, or supplemented, the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division ("**Bankruptcy Court**"), initiating Chapter 11 Case No. 14-71797-PWB (the "**Bankruptcy Case**").

2. On January 6, 2015 (the "**SHI Petition Date**"), Superior Healthcare Investors, Inc. ("**SHI**") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, initiating Case No. 15-50439-PWB in the Bankruptcy Court (the "**SHI Bankruptcy Case**").

3. On February 3, 2015, the Bankruptcy Court entered an order [Doc. No. 59; Case No. 14-71797-PWB] authorizing the joint administration of the Bankruptcy Case and the SHI Bankruptcy Case for procedural purposes only under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

4. On October 27, 2015, the Bankruptcy Court entered an order [Doc. No. 141; Case No. 14-71797-PWB] directing the appointment of Chapter 11 trustees on behalf of Debtor and SHI.

5. On October 30, 2015, the Bankruptcy Court entered an order [Doc. No. 146; Case No. 14-71797-PWB] approving Trustee as Chapter 11 Trustee for Debtor, and on the same day the Bankruptcy Court entered an order [Doc. No. 23; Case No 15-50439-PWB] approving Cathy L. Scarver ("**Ms. Scarver**") as Chapter 11 Trustee for SHI.

6. On November 17, 2015, the Court entered an order [Doc. No. 168; Case No. 14-71797-PWB] converting the Bankruptcy Case and the SHI Bankruptcy Case from cases under Chapter 11 to cases under Chapter 7 of the Bankruptcy Code effective as of November 4, 2015 and severing their joint administration.

7. On November 23, 2015, the United States Trustee appointed Trustee as the Chapter 7 Trustee in the Bankruptcy Case. [Doc. No. 170; Case No. 14-71797-PWB]. Trustee held and concluded the Section 341 meeting of creditors on January 12, 2016, and Trustee is now the permanent Chapter 7 Trustee in the Bankruptcy Case.

11764518v1

8. Prior to the Petition Date, and for the majority of the time that the Bankruptcy Case was pending as a Chapter 11 case, Debtor operated a long-term nursing home facility located in the City of Superior, Douglas County Wisconsin on real property owned by SHI.

*ii. The Adversary Proceeding*

9. On November 3, 2016, Trustee initiated an adversary proceeding styled as *Hays v. Evergreen Rehabilitation, LLC* (Adv. Proceeding No. 16-5300-PWB) (the "**Adversary Proceeding**"), seeking to avoid and recover from Evergreen certain pre-petition transfers of Debtor's interests in property to Evergreen (the "**Transfer Issues**").

10. Evergreen answered Trustee's complaint asserting various defenses and denying liability.

11. Following negotiations, Trustee and Evergreen (collectively, the "**Parties**") have reached an agreement to resolve the Transfer Issues raised by Trustee, subject to Bankruptcy Court approval.

Accordingly, the Parties agree as follows:

1. **Background.** The recitations in the above background section are incorporated into this Agreement as if set forth fully herein.

2. **Resolution of the Transfer Issues.** Subject to approval of this Agreement by the Bankruptcy Court, following notice and the opportunity for a hearing, the Parties agree to resolve the Transfer Issues as follows:

    2.1. *Approval of Proposed Settlement.* Within five (5) business days after execution of this Agreement by each of the Parties, Trustee shall prepare and file the necessary pleadings, including, but not limited to, a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("**Settlement Approval Motion**"), seeking entry of an order by the Bankruptcy Court approving the settlement contemplated herein ("**Settlement Approval Order**").

    2.2. *Payment of Settlement Funds.* Within five (5) business days of the Settlement Approval Order becoming final, Evergreen shall pay $12,500.00 (the "**$12,500.00 Settlement Funds**") in good funds to Trustee.

    For the purposes of this Agreement, the Settlement Approval Order becomes final when it has been entered on the docket in the Bankruptcy Case and it (a) has not been reversed, stayed, modified or amended and as to which the time to appeal from, or to seek review or rehearing of, has expired and as to which no appeal or petition for review, rehearing or certiorari is pending; or (b) if appealed from, has been affirmed (or the appeal dismissed) and the time to appeal from such

affirmance or to seek review or rehearing thereof has expired, or no further hearing, appeal or petition for certiorari can be taken or granted.

2.3. *Release by Trustee.* Effective upon Trustee's receiving the $12,500.00 Settlement Funds from Evergreen and the Settlement Approval Order becoming a final order, and except for the rights, duties, and obligations created or preserved under this Agreement, Trustee releases, acquits, and forever discharges Evergreen from any and all Claims (as defined in Section 9 of this Agreement) of any kind, character or nature whatsoever, known or unknown, fixed or contingent, that Trustee may have or claim to have against Evergreen prior to the Effective Date.

2.4. *Release by Evergreen.* Effective upon the Settlement Approval Order becoming final, and except for the rights, duties, and obligations created or preserved under this Agreement, Evergreen releases, acquits and forever discharges Trustee and the Bankruptcy Estate and each and every past and present agent, servant, employee, representative and attorney of Trustee or the Bankruptcy Estate from any and all Claims (as defined in Section 9 of this Agreement) of any kind, character or nature whatsoever, known or unknown, fixed or contingent, that Evergreen may have or claim to have against Trustee or the Bankruptcy Estate prior to the Effective Date.

2.5. *No Section 502(h) Claim.* The Parties stipulate and agree that Evergreen shall not have a claim under Section 502(h) of the Bankruptcy Code, or any other applicable provision, in the Bankruptcy Case for or on account of payment of the $12,500.00 Settlement Funds, or for any reason, and that neither Evergreen nor any of its affiliates, agents, principals, or subsidiaries shall receive a distribution from the Bankruptcy Estate.

2.6. *Dismissal of Adversary Proceeding.* Within ten (10) business days of the later of: (a) the Settlement Approval Order becoming a final order, or (b) Trustee's receiving the $12,500.00 Settlement Funds from Evergreen, the Parties shall file a stipulation dismissing with prejudice the Adversary Proceeding.

3. **No Admissions.** The Parties acknowledge and agree that this Agreement is being executed and delivered as part of the compromise and settlement of disputed claims and is expressly contingent upon and subject to the approval of the Bankruptcy Court for the Northern District of Georgia. The Parties further acknowledge and agree that this Agreement will not and may not be used or construed as an admission of any liability or responsibility to any party or to any other persons.

4. **Entire Agreement; Modification.** The Parties agree that there are no other agreements, oral or written, between or among them relating to any matters covered by this Agreement and that this Agreement constitutes the entire agreement and understanding between the Parties relating to the subject matter contained herein. The Parties further agree that this Agreement may not be altered, amended, or modified in any respect or

Page 3 of 6

11764518v1

particular whatsoever, except by a writing duly executed by Trustee and Evergreen, and that any material amendment is subject to Bankruptcy Court approval.

5. **Voluntary Execution of Agreement.** The Parties hereby mutually acknowledge and represent and warrant that they have been fully advised by their respective legal counsel of their rights and responsibilities under this Agreement, that they have read, know, and understand completely the contents hereof, and that they have voluntarily executed the same. The Parties further mutually acknowledge and represent and warrant that they have had input into the drafting of this Agreement and that, accordingly, in any construction to be made of this Agreement, it shall not be construed for or against either Trustee or Evergreen but rather shall be given fair and reasonable interpretation based on the plain language of this Agreement and the expressed intent of the Parties.

6. **Authority of Parties.** The persons executing this Agreement represent and warrant that they have the legal and institutional authority to do so on behalf of the person or legal entity for which they are signing.

7. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which is an original, and all of which constitute only one agreement between the Parties. Counterparts of this Agreement also may be exchanged via electronic transmission such as facsimile machines or computer, and any Party's signature transmitted by such electronic transmission shall be deemed to be an original signature for all purposes.

8. **No Assignment or Transfer of Released Claims.** Each Party represents and warrants that as of the date of the execution of this Agreement that it has not assigned or transferred or purported to assign or transfer, to any person, firm, corporation, association or any entity whatsoever, all or any part of the Claims.

9. **Definition of Claims.** The term "Claims" means all claims or causes of action that were asserted or could have been brought as of the Effective Date by or on behalf of any Party to this Agreement, either directly or indirectly, in respect of, in relation to, or in connection with the Bankruptcy Case or the Adversary Proceeding.

10. **Bankruptcy Court Jurisdiction.** The Bankruptcy Court shall retain jurisdiction over the Parties for enforcement of this Agreement and any and all disputes, controversies, or claims regarding the interpretation, validity, construction or other issue relating to or concerning this Agreement. An action relating to, based upon, or arising from a breach of this Agreement shall be brought only in the Bankruptcy Court which shall retain jurisdiction over the subject matter and the Parties for this purpose.

11. **Georgia Law Applicable.** This Agreement shall be governed by, and construed in accordance with, the laws of the State of Georgia, without regard to its conflict of law principles.

12. **Severability.** If any provision of this Agreement is illegal or unenforceable, that provision is severed from this Agreement and the other provisions remain in force.

11764518v1

13. **Notices.** Any notices by Parties provided for or permitted under this Agreement, or by law, shall be in writing and shall be deemed delivered: (a) when personally delivered to a party, on the date of such delivery; or (b) when sent via electronic mail to a party at the electronic mail address set forth below, on the date of transmission, provided that the transmitting Party has no reasonable belief that the electronic mail was not delivered; or (c) when deposited in the United States Mail, certified and postage prepaid, addressed to such party at the address set forth below, three (3) days following the deposit of such notice in the mail.  Notices shall be sent to the parties as follows

   13.1.   *If to Trustee*:

   Michael J. Bargar
   Arnall Golden Gregory LLP
   171 17th Street, NW, Suite 2100
   Atlanta, GA 30363
   michael.bargar@agg.com (electronic mail)

   13.2.   *If to Evergreen*:

   Douglas T. Logsdon
   McBrayer, McGinnis, Leslie & Kirkland, PLLC
   201 East Main Street, Suite 900
   Lexington, Kentucky  40507
   dlogsdon@mmlk.com (electronic mail)

   The address to which notices are to be sent may be changed by any party by providing notice of the new address as provided herein.

14. **Restoration**.  In the event that the Bankruptcy Court denies approval of this Agreement, then, and in that event, unless otherwise agreed by the Parties in writing, this Agreement shall terminate and be null and void and have no further force or effect and the Parties shall be restored to their respective factual and legal positions which existed immediately prior to execution of this Agreement.

15. **Parties to Bear Own Costs**.  Except as otherwise stated in this Agreement, each Party shall bear its own costs (including attorney's fees) incurred in connection with the negotiation, preparation, execution, and carrying out of this Agreement and any other agreements, instruments, or documents executed in accordance with the terms of this Agreement.

16. **Time is of the Essence.**  Time is of the essence in this Agreement.

[INTENTIONALLY LEFT BLANK]

11764518v1

To evidence the Parties' agreement to this Agreement, they have executed and delivered it on the dates set forth below the signature lines, but as of the Effective Date.

**TRUSTEE**

_____
S. Gregory Hays, as and only as
Chapter 7 Trustee for the bankruptcy estate of
HP/Superior, Inc. (Case No. 14-71797-PWB)

Dated: 1-26-2018

**EVERGREEN REHABILITATION, LLC**

By: _____
Name: Michael Houlihan
Title: CEO

Dated: 1/25/2018

## CERTIFICATE OF SERVICE

This is to certify that I, Michael J. Bargar, am over the age of 18 and that I have this day served a true and correct copy of the foregoing *Motion for Order Authorizing Settlement between Trustee and Evergreen Rehabilitation under Rule 9019 of the Federal Rules of Bankruptcy Procedure* by first class United States mail on the following persons or entities at the addresses stated:

Office of the United States Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Suite 555
Atlanta, GA 30305

Cathy L. Scarver
P. O. Box 672587
Marietta, GA 30006

Ashley Reynolds Ray
Scroggins & Williamson
One Riverside, Suite 450
4401 Northside Parkway
Atlanta, GA 30327

HP/Superior, Inc.
5174 McGinnis Ferry Road
Suite 195
Alpharetta, GA 30005

Kevin A. Stine
Baker Donelson Bearman
Monarch Plaza, Suite 1600
3414 Peachtree Road, NE
Atlanta, GA 30326

Internal Revenue Service
Insolvency Unit
401 West Peachtree Street
Stop 335-D
Atlanta, GA 30308

11784303v1

Department of Justice - Tax Division
Attn: Chief, Civil Trial Section
Southern Region
P.O. Box 14198
Ben Franklin Station
Washington, D.C. 20044

United States Attorney General
Main Justice Building
10th and Constitution Avenue, NW
Washington, D.C. 20530

U.S. Attorney
Northern District of Georgia
Civil Division, Attn: Civil Clerk
600 Richard B. Russell Building
75 Ted Turner Drive, S.W.
Atlanta, GA 30303

Lisa Johnson
Bankruptcy Specialist
Internal Revenue Service
401 W Peachtree ST, NW
M/S 334-D
Atlanta, GA 30308

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

F. Mark Bromley
Wisconsin Dept. of Justice
17 West Main Street
P. O. Box 7857
Madison, WI 53707-7857

Wisconsin Department of Revenue
Special Procedures Unit
PO Box 8901
Madison, WI 53708-8901

Hiram Cutting
Wisconsin Department of Revenue
Special Procedures Unit
PO Box 8901
Madison, WI 53708-8901

11784303v1

The Stark Collection Agency Inc.
PO Box 45710
Madison, WI 53744-5710

State of Wisconsin, DWD – UI
PO Box 8914
Madison, WI 53708

Ariane Daniels
State of Wisconsin, DWD – UI
PO Box 8914
Madison, WI 53708

Badger Acquisition of Minnesota
d/b/a Omnicare of Minnesota
900 Omnicare Center
201 East Fourth Street
Cincinnati, OH 45202

JoAnn Billman
Omnicare, Inc.
900 Omnicare Center
201 East Fourth Street
Cincinnati, OH 45202

Lauren M. Gregory
Seyfarth Shaw LLP
1075 Peachtree Street, NE, Suite 2500
Atlanta, GA 30309

Douglas T. Logsdon
McBrayer, McGinnis, Leslie & Kirkland, PLLC
201 East Main Street, Suite 900
Lexington, KY  40507

George M. Geeslin
Two Midtown Plaza, Suite 1350
1349 West Peachtree Street, NW
Atlanta, GA 30309

    This 29th day of January, 2018.

                                        */s/ Michael J. Bargar*
                                        Michael J. Bargar
                                        Georgia Bar No. 645709

11784303v1