

**IT IS ORDERED as set forth below:**

**Date: January 5, 2022**

_____

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                    :        CHAPTER 7
                          :
HP/SUPERIOR, INC.         :        CASE NO. 14-71797 - PWB
                          :
        Debtor.           :
                          :

## <u>ORDER APPROVING SETTLEMENT AGREEMENT</u>

On November 24, 2021, S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the

bankruptcy estate (the "**Bankruptcy Estate**") of HP/Superior, Inc. ("**Debtor**"), filed his _Motion_

_for Order: (A) Authorizing Settlement Between Trustee and the Internal Revenue Service under_

_Federal Rules of Bankruptcy Procedure Rule 9019; (B) Establishing the Extent and Priority of_

_the Lien Interest of the Internal Revenue Service in Accordance with the Proposed Settlement;_

_and (C) Authorizing Trustee to Make Certain Distributions of Property of the Estate_ [Doc. No.

17587447v1

269] (the "**Motion**").[1]

In the Motion, Trustee requests, among other things, an order from the Court approving a settlement agreement (the "**Settlement Agreement**") between Trustee and the Internal Revenue Service (the "**IRS**" and with Trustee, the "**Parties**") through which, *inter alia*,[2] the Parties agree that the IRS shall have a secured claim and lien in the Remaining Encumbered Funds in the amount of $1,248,000.00 (the "**IRS Secured Claim**").  In addition, within five (5) business days of this Order becoming a final order, Trustee shall pay the United States of America $900,000.00 of the IRS Secured Claim from the Remaining Encumbered Funds (the "**IRS Secured Claim Payment**").  Moreover, effective upon this Order becoming a final order, the IRS grants and conveys to the Bankruptcy Estate a carve-out from the IRS Secured Claim in the amount of $348,000.00 (the "**Estate Carve-Out**").  Following the IRS Secured Claim Payment, and except for the Estate Carve-Out which will be free and clear and available for Trustee to distribute under 11 U.S.C. § 726, the IRS Secured Claim shall be fully satisfied.   In addition, effective upon this Order becoming a final order, the IRS proof of claim [Claim No. 19-2] (the "**Second IRS Proof of Claim**") for post-petition withholding taxes shall be allowed as a Chapter 11 administrative expense claim, and the IRS will receive payment on the Second IRS Proof of Claim on a pro-rata basis with other holders of allowed Chapter 11 administrative expense claims.  And, effective upon this Order becoming a final order, the IRS shall not have a pre-petition lien or secured claim in the Post-Petition Medicaid Funds.  Finally, within ten (10) business days of this Order

---

[1]    Capitalized terms not defined in this Order shall have the meanings ascribed to them in the Settlement Motion [Doc. No. 269].

[2]    The following is a summary of the Motion and the Settlement Agreement and is not intended to be comprehensive.  To the extent that anything in this summary is contrary to the relief sought in the Motion or the terms of the Settlement Agreement, the requests sought in the Motion and the terms of the Settlement Agreement shall control.

becoming a final order, Trustee and the IRS shall file a stipulation dismissing with prejudice the Adversary Proceeding styled as *Hays v. Department of Treasury – Internal Revenue Service* (Adv. Pro. No. 21-5048-PWB).

On November 29, 2021, Trustee filed a *Notice of Pleading, Deadline to Object, and for Hearing* [Doc. No. 270] (the "**Notice**"), in accordance with General Order No. 24-2018, and setting a hearing on the Motion on January 6, 2022 (the "**Hearing**").  Counsel for Trustee certifies that he served the Notice on all requisite parties in interest. [Doc. No. 271].

The Notice provided notice of the opportunity to object and for hearing pursuant to the procedures in General Order No. 24-2018.  No objection to the Motion was filed prior to the objection deadline provided in the Notice.

The Court having considered the Motion and all other matters of record, including the lack of objection to the relief requested in the Motion, and, based on the forgoing, finding that no further notice or hearing is necessary; and, the Court having found that good cause exists to grant the relief requested in the Motion, it is hereby

**FOUND** and **DETERMINED** that the Settlement Agreement is in the best interests of the Bankruptcy Estate and its creditors.  It is further

**FOUND** and **DETERMINED** that the IRS has a secured claim in the Remaining Encumbered Funds in the amount of $1,248,000.00.  It is further

**FOUND** and **DETERMINED** that the notice of the Motion and Hearing was appropriate under the Federal Rules of Bankruptcy Procedures and the circumstances of Debtor's bankruptcy case.  It is further

**ORDERED** that the Settlement Motion is **GRANTED**.  It is further

**ORDERED** that the Settlement Agreement is **APPROVED** and the terms of the

17587447v1

Settlement Agreement are incorporated herein by reference. It is further

      **ORDERED** that Trustee is authorized and directed to make the IRS Secured Claim Payment to the United States of America in the amount of $900,000.00, consistent with the terms of the Settlement Agreement. It is further

      **ORDERED** that the Estate Carve-Out in the amount of $348,000.00 is approved, consistent with the terms of the Settlement Agreement. It is further

      **ORDERED** that the Parties may take any other actions necessary to effectuate the terms of the Settlement Agreement without further order from this Court. It is further

      **ORDERED** that this Court retains jurisdiction (i) to interpret, implement, and enforce this Order, (ii) to resolve any disputes regarding or concerning the Settlement Agreement, and (iii) to enter such other and further orders as may be necessary, just, or proper as an aid to enforcement or implementation of this Order.

### **[END OF DOCUMENT]**

**Order prepared and presented by:**

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By:*/s/ Michael J. Bargar*
    Michael J. Bargar
    Georgia Bar No. 645709
    michael.bargar@agg.com
171 17th Street, NW, Suite 2100
Atlanta, GA 30363
Telephone: (404) 873-8500

**Identification of parties to be served:**

David S. Weidenbaum, Office of the United States Trustee, 362 Richard B. Russell Bldg., 75 Ted Turner Drive, SW, Atlanta, GA 30303

S. Gregory Hays, Hays Financial Consulting, LLC, 2964 Peachtree Rd, NW, Suite 555, Atlanta, GA 30305

17587447v1

Cathy L. Scarver, P. O. Box 672587, Marietta, GA 30006

Ashley Reynolds Ray, Scroggins & Williamson, P.C., One Riverside, 4401 Northside Parkway, Suite 450, Atlanta, GA 30327

G. Frank Nason, IV, Lamberth, Cifelli, Ellis & Nason, P.A., 1117 Perimeter Center West, Suite W 212, Atlanta, GA  30338

HP/Superior, Inc., 5174 McGinnis Ferry Road, Suite 195, Alpharetta, GA 30005

Aaron Charles Brownell, US Department of Justice Tax Division, P.O. Box 14198, Washington, DC 14198

Kevin A. Stine, Baker Donelson Bearman, Monarch Plaza, Suite 1600, 3414 Peachtree Road, NE Atlanta, GA 30326

Internal Revenue Service, Insolvency Unit, 401 West Peachtree Street, Stop 335-D, Atlanta, GA 30308

Department of Justice - Tax Division, Attn: Chief, Civil Trial Section, Southern Region, P.O. Box 14198, Ben Franklin Station, Washington, D.C. 20044

United States Attorney General, Main Justice Building, 10th and Constitution Avenue, NW, Washington, D.C. 20530

U.S. Attorney, Northern District of Georgia, Civil Division, Attn: Civil Clerk, 600 Richard B. Russell Building, 75 Spring Street, S.W., Atlanta, GA 30303

Lisa Johnson, Bankruptcy Specialist, Internal Revenue Service, 401 W Peachtree ST, NW, M/S 334-D, Atlanta, GA 30308

F. Mark Bromley, Wisconsin Dept. of Justice, 17 West Main Street, P. O. Box 7857, Madison, WI 53707-7857

Wisconsin Department of Revenue, Special Procedures Unit, PO Box 8901, Madison, WI 53708-8901

Hiram Cutting, Wisconsin Department of Revenue, Special Procedures Unit, PO Box 8901, Madison, WI 53708-8901

The Stark Collection Agency Inc., PO Box 45710, Madison, WI 53744-5710
The Stark Collection Agency, 6425 Odana RD Suite 22, PO Box 45710, Madison, WI 53744-5710

State of Wisconsin, DWD – UI, PO Box 8914, Madison, WI 53708

17587447v1

Ariane Daniels, State of Wisconsin, DWD – UI, PO Box 8914, Madison, WI 53708

Michael J. Bargar, Arnall Golden Gregory LLP, 171 17th Street, NW, Suite 2100, Atlanta, GA 30363