

**IT IS ORDERED as set forth below:**

Date: March 29, 2022

_____

**Paul W. Bonapfel
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 14-71797-PWB |
| | : | |
| HP/SUPERIOR, INC. d/b/a ST. FRANCIS HOME IN THE PARK, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |

**CONSENT ORDER**

On April 25, 2016, Merwin LTC Pharmacy ("**Merwin**") filed a *Motion for Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)* [Doc. No. 197] (the "**Motion**") seeking, among other things, an order allowing and compelling payment of an administrative expense claim in the total amount of $35,197.46, which included attorney's fees of $5,159.05, arising under a certain Agreement[1] between Merwin and HP/Superior, Inc. ("**Debtor**").

---

[1]  Capitalized terms not defined in this Consent Order shall have the meaning ascribed to them in the Motion.

17681583v1

Also on April 25, 2016, Merwin filed a notice [Doc. No. 197] (the "**Notice**") setting the Motion for hearing on May 24, 2016 (the "**Hearing**"). Counsel for Merwin asserts that he served the Notice on all requisite parties in interest. [Doc. No. 197].

Counsel for Merwin rescheduled the Hearing on the Motion several times. *See* [Doc. Nos. 200, 205, and 207].

No party in interest filed a pleading in opposition to the relief requested in the Motion.

At the calendar call for Hearing, counsel for Trustee announced that Trustee and Merwin had reached an agreement related to the relief requested in the Motion.

Accordingly, the Court having considered the Motion; Merwin and Trustee having consented hereto; and for good cause shown, it is hereby

**ORDERED** that the Motion is **GRANTED** to the extent set forth herein. It is further

**ORDERED** that under 11 U.S.C. § 503(b) Merwin is allowed a Chapter 11 administrative expense claim in this case in the amount of $30,038.41 without the need for Merwin to file a proof of claim or any other documents or pleadings in this case. It is further

**ORDERED** that the allowed Chapter 11 administrative expense claim of Merwin, as allowed in this Order, shall be paid in accordance with the priorities established by applicable law on a pro rata basis with all other allowed Chapter 11 administrative expense claims following payment in full of all allowed Chapter 7 administrative expense claims.

[END OF DOCUMENT]

**Order prepared and consented to by:**

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By:*/s/ Michael J. Bargar*
    Michael J. Bargar
    Georgia Bar No. 645709
    michael.bargar@agg.com
171 17th Street, NW, Suite 2100
Atlanta, GA 30363
Telephone:  (404) 873-7030

**Reviewed and consented to by**:

GEIGER LAW, LLC
*Attorneys for Merwin*

By:*/s/ David A. Geiger*    *(With Express Permission by Michael J. Bargar)*
    David A. Geiger
    Georgia Bar No. 288898

1275 Peachtree Street, NE
Suite 525
Atlanta, GA 30309
david@geigerlawllc.com

**Identification of parties to be served:**

David S. Weidenbaum
Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
3343 Peachtree Road, NE, Suite 200
Atlanta, GA 30326

Michael J. Bargar
Arnall Golden Gregory LLP
171 17th Street, NW, Suite 2100
Atlanta, GA 30363

3

17681583v1

David A. Geiger
Geiger Law, LLC
1275 Peachtree Street, N.E.
Suite 525
Atlanta, Georgia 30309

Ashley Reynolds Ray
Scroggins & Williamson
1500 Candler Building
127 Peachtree Street, NE
Atlanta, GA 30303

HP/Superior, Inc.
c/o Doug Mittleider, President
5174 McGinnis Ferry Road
Suite 195
Alpharetta, GA 30005

17681583v1